491 P.2d 608 (1971)
Shirley Ann SPRATLEN, Plaintiff-Appellee,
v.
Frank Penn SPRATLEN, III, Defendant-Appellant.
No. 70-461.
Colorado Court of Appeals, Div. I.
September 28, 1971.
Rehearing Denied October 27, 1971.
Certiorari Denied January 3, 1972.
*609 Epstein, Lozow & Preblud, Fred Epstein, Denver, for plaintiff-appellee.
Friedman, Bader & Moore, Charles A. Friedman, Denver, for defendant-appellant,
Selected for Official Publication.
PIERCE, Judge.
This case involves the effect of an exwife's remarriage upon her ex-husband's obligation to continue alimony payments under a property and alimony settlement incorporated into a decree of divorce.
On May 7, 1968, the wife was granted a decree of divorce from the husband. A property and alimony settlement, drawn by the parties without the aid of their attorneys, was incorporated by the court into the divorce decree. The provision of this agreement concerning alimony reads as follows:
"Defendant [husband] will pay plaintiff [wife] $550 per month alimony until the death of his father. At that time this reduction of obligations of F. P. Spratlen, III, will be taken into consideration in fixing the amount of alimony."
Evidence indicated that at the time of this settlement appellant was paying $10,000 per year to his father.
The wife remarried on October 4, 1969, and the husband, upon learning of this circumstance, made no alimony payment in October or thereafter. Appellee subsequently brought an action for judgment on the arrearages accruing after her remarriage, and was granted judgment by the court for these arrearages.

I.
The issues to be determined on appeal involve the application of C.R.S.1963, 46-1-5(5), which provides:
"The remarriage of a party entitled to alimony * * * shall relieve the other party from further payments of said alimony; but nothing in this section shall preclude the parties from providing otherwise by written agreement or stipulation."
It is the husband's contention that under the above quoted statute he was automatically relieved from further payments of alimony after the wife's remarriage since there was no "written agreement or stipulation" to the contrary, and the alimony payments were for an indefinite period of time. Although the trial court made no findings on this factual issue, we find no evidence in the record from which an *610 agreement to continue alimony payments beyond the wife's remarriage could be directly established or legitimately inferred.
The testimony in the record and the plain import of the alimony agreement are that the reference to the husband's father was included in order to fix the amount of the husband's monthly obligation to the wife during his father's lifetime, not to determine the period of time during which the alimony obligation was to continue. The agreement to pay alimony was indefinite in time, and merely provided that the reduction of husband's obligations at his father's death would be taken into consideration in fixing the amount of periodic alimony payments due thereafter.
The wife argues that, although the written agreement did not contain any provisions limiting the duration of alimony payments, nevertheless it was sufficient to qualify under the exception set forth in C. R.S.1963, 46-1-5(5), as cited above. We do not agree. It is clear that the section of the statute involved requires an express statement that alimony continue after remarriage, and the failure of the agreement in question to specify this point is fatal to her argument. See In re Estate of Kettering, 151 Colo. 202, 376 P.2d 983.
Where there was no written agreement to the contrary, we hold that the trial court should have ruled that the husband's obligation to pay alimony ceased at the wife's remarriage. C.R.S.1963, 46-1-5(5); Hilton v. McNitt, 49 Cal.2d 79, 315 P.2d 1; Hunt v. Hunt, 169 Ohio St. 276, 159 N.E. 2d 430; H. Clark, Domestic Relations § 14.9(1).

II.
It is the wife's additional contention that, in the absence of a motion for termination of the alimony obligation, the husband was not entitled to relief and the judgment should stand. We again disagree.
Under C.R.S.1963, 46-1-5(5), where, as here, there is no written agreement or stipulation to the contrary, the right to alimony automatically terminates by operation of law upon remarriage of the wife without the necessity of the husband's affirmative action for termination by court order. See Tomkins v. Tomkins, 89 Cal.App.2d 243, 200 P.2d 821; H. Clark, Domestic Relations, supra. See also Berglund v. Berglund, 28 Colo.App. 382, 474 P.2d 800.
Judgment reversed.
SILVERSTEIN, C. J., and COYTE, J., concur.