In Re MARRIAGE OF Mary J. HAHN, Appellee and Cross-Appellant,

and

Robert E. Hahn, Appellant and Cross-Appellee.

No. 79CA0982.

Colorado Court of Appeals, Div. I.

April 9, 1981.

Ellison, Ward & McCrea, James R. Clifton, Denver, for appellee and cross-appellant.

Hornbein, MacDonald, Fattor & Buckley, P. C., James C. Fattor, Denver, for appellant and cross-appellee.

STERNBERG, Judge.

The husband appeals from the trial court's judgment requiring payment of maintenance under a separation agreement incorporated into the dissolution decree to his former wife after her remarriage. She cross-appeals the trial court's denial of her request for attorneys' fees and costs. We affirm.

When the marriage of the parties was dissolved, the parties executed a separation agreement which was incorporated in the decree. It provided for payment of maintenance for 20 months, and, thereafter, on a reduced basis for another 90 months. The maintenance provision states: "These payments will not be subject to modification for any reason except the death of the wife."

Upon the wife's remarriage some 15 months after the dissolution, the husband ceased payment of maintenance, and thereafter, the wife brought this action. The trial court ordered the husband to pay arrearages and to continue monthly payments; however, it denied the wife's request for attorneys fees and costs.

Section 14–10–122(2), C.R.S.1973, provides:

"Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance."

Language of similar import has been construed to require an express provision that alimony continue after remarriage. *Spratlen v. Spratlen*, 30 Colo.App. 91, 491 P.2d 608 (1971). In our view, the quoted language of the separation agreement is such an express provision. Although it does not explicitly provide for continuation or termination of maintenance in the event of remarriage, nevertheless, it indicates that it was the contemplation of the parties that only the wife's death would absolve the husband of liability for payment of maintenance. Consequently, we affirm the trial court's judgment.

We also disagree with the wife's contention that she is entitled to attorney's fees. The awarding of attorneys fees is discretionary with the trial court, and its ruling thereon will not be disturbed on review if supported by the evidence. *In Re Marriage of Icke*, 35 Colo.App. 60, 530 P.2d 1001 (1974), *aff'd*, 189 Colo. 319, 540 P.2d 1076 (1975). In awarding attorneys fees, the trial court may take into account the financial resources of both parties. *In Re Marriage of Parker*, 41 Colo.App. 287, 584 P.2d 103 (1978). Here, the record indicates the wife was self-supporting and had sufficient income to pay her own attorneys' fees.

Judgment affirmed.

COYTE and BERMAN, JJ., concur.