In re the MARRIAGE OF: Charles Oscar MATTSON, Appellant,

and

Maxine Estrella Mattson, Appellee.

No. 83CA1418.

Colorado Court of Appeals,
Div. I.

Nov. 15, 1984.

As Modified on Denial of Rehearing Dec. 13, 1984.

Alfred W. Metzger, Jr., Colorado Springs, Wesley G. Davis, Colorado Springs, for appellant.

William A. Palmer, Colorado Springs, for appellee.

ENOCH, Chief Judge.

In this dissolution of marriage proceeding, husband, Charles Mattson, appeals the trial court's 1983 judgment which modified a 1982 property division order. We affirm in part and reverse in part.

In the original proceedings wife was awarded the family residence with the condition that it be listed for sale by a specific date. The proceeds of the sale, minus costs, were to be divided equally between husband and wife. Wife was also awarded insurance policies with a cash value of approximately $5,000. Husband was awarded his military retirement pay.

Sometime after the 1982 orders, husband "borrowed" $3,045 of the cash value of the insurance policies. Because of this unauthorized withdrawal, and husband's refusal to pay wife the $3,045, the court found him in contempt and sentenced him to 30 days in jail. While on work release, husband filed a petition for bankruptcy and, in January 1983, was discharged of his debts by the bankruptcy court.

The following April, wife filed a "motion to amend the property division." In its September 1983 order, which is the subject of this appeal, the court awarded her half of the home sale proceeds, the costs of sale, the $3,045 husband had "borrowed," 50% of husband's present and future gross retirement pay, plus 50% of all his future increases in pension payments.

We agree with husband's contention that his discharge in bankruptcy precludes a judgment against him for the $3,045. The bankruptcy order enjoins wife, and other listed creditors, from doing any act to collect, recover, or offset any discharged debt as a personal liability of husband. The trial court's order was an offset of a discharged debt as a personal liability of husband and was, therefore, a violation of the bankruptcy order. *See Schwartz v. Blue*, 40 Colo.App. 298, 573 P.2d 941 (1977).

Husband also contends that in awarding wife part of his military pay the court modified the 1982 property division orders without making sufficient findings under C.R.C.P. 60(b). We agree.

In the 1982 orders, all military retirement benefits were awarded to husband. The 1983 judgment on appeal, awarding wife 50% of husband's military pay, was a change of the parties' rights, and therefore a modification of the permanent orders. A court has no authority to modify permanent orders without findings supported by evidence justifying a modification. Section 14–10–122, C.R.S.; C.R.C.P. 60(b); *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981). The court made no such findings, and no evidence was presented which would have supported such findings.

Furthermore, even if the court's 1983 order is not viewed as a modification of its 1982 order, the award was improper. Military retirement pensions do not constitute "property subject to division in a dissolution proceeding under § 14–10–113, C.R.S. *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976). The subsequent passage of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1982) does not change the treatment of such pensions.

Under that Act:

"a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1) (1982).

This section was enacted to overrule the decision of *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (June

26, 1981). There, the United States Supreme Court held that federal law precluded state courts from dividing military retirement pay under state community property laws. Thus, the intended effect of § 1408(c)(1), made retroactive to the date of the *McCarty* decision, was to provide the "power to each state to deal with military pensions in dissolution proceedings in the manner in which the state saw fit." *In re Marriage of Sarles*, 191 Cal.Rptr. 514, 143 Cal.App.3d 24 (1983).

In Colorado, neither military pensions nor similar non-military pensions, *see In re Marriage of Ward*, 657 P.2d 979 (1982), are property subject to division in a dissolution proceeding, and this result is not changed by the passage of § 1408(c)(1).

The judgment is reversed as to the setoff of $3,045 and the award of one-half of husband's retirement benefits and increases to wife. That part of the judgment terminating the prior maintenance award to wife is also reversed. In all other respects, the judgment is affirmed.

SMITH and TURSI, JJ., concur.