In re the **MARRIAGE OF Georgia Lee ANDERSON, Appellee,**

and

**Stephen W. Anderson, Appellant.**

No. 84CA0335.

Colorado Court of Appeals,
Div. I.

Nov. 7, 1985.

Georgia Lee Anderson Calt, pro se.

Robert J. Calt, Denver, for appellee.

Barbara A. Stark, Denver, for appellant.

KELLY, Judge.

Husband, Stephen W. Anderson, appeals the order of the trial court denying his motion to terminate "spousal payments" under § 14-10-122(2), C.R.S. He contends that the trial court erred in ruling that the separation agreement of the parties is ambiguous on its face, in admitting parol evidence of the intent of the parties, and in concluding that the monthly payments were not terminable because of the wife's remarriage. We affirm.

The parties' marriage of nine years' duration was dissolved in October 1981. A separation agreement executed by the parties and incorporated in the decree provided for division of the property and for custody, support, and visitation of the children.

The parties acknowledged in the separation agreement that the wife was competent to support herself, thus making her ineligible for an award of maintenance under § 14-10-114(1)(b), C.R.S. Nevertheless, the husband agreed to pay the wife $1,000 per month "as alimony for 121 successive months thereafter" and to execute a promissory note and second deed of trust on certain property to secure "the total amount of spousal maintenance payments of $121,000.00 together with the balance due on the property cash settlement in lieu of other property division."

The agreement further provided that "spousal maintenance shall not be modifiable or extendable by the parties or by Court and shall be a charge against the estate of the husband and shall not be terminable at the death of the Wife by the agreement of the parties." Upon payment of the full amount of $121,000, the agreement provides for release of the second deed of trust. In addition, there are provisions setting up a trust for the benefit of the children in the event of the death of the wife.

Concluding that these and other provisions in the separation agreement created an ambiguity as to whether the parties intended these provisions to be maintenance or a property division, the trial court admitted extrinsic evidence of the intent of the parties. The court conducted an evidentiary hearing at which the testimony of both husband and wife was received, together with letters of the parties' attorneys and other documents relating to the negotiation of the settlement agreement. A transcript of the testimony at the hearing on permanent orders was also admitted. Based on this evidence, the trial court concluded that the "maintenance provision" was a method devised by the parties to divide their property. We agree that the agreement was ambiguous and that the maintenance provision was, in fact, a property division.'

■ The intent of the parties to a contract is to be determined from the contract language itself, and extrinsic evidence of intent is relevant only if, after examination of the entire agreement, the terms are ambiguous. *Martynes & Associates No. 1 v. Devonshire Square Apartments*, 680 P.2d 246 (Colo.App.1984); *Stevens v. Stevens*, 44 Colo.App. 252, 611 P.2d 590 (1980). The fact that the parties to an agreement disagree as to its meaning does not render the agreement ambiguous; resolution of the question is a matter of law for the court. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). In resolving the issue, the court must examine the language of the document and construe it in harmony with the plain and generally accepted meaning of the words employed therein. *Hott v. Tillotson-Lewis Construction Co.*, 682 P.2d 1220 (Colo.App.1983).

■ Here, the evidence shows that the parties had encountered difficulties in dividing their property in that the husband desired to retain his business interests free and clear of his wife's claims, but he had insufficient cash to buy out her interest. The provisions for "maintenance" accorded the husband certain tax benefits which he could not otherwise have claimed, and certain documents in evidence indicated that the husband's accountant believed the "maintenance provision" would be regarded by the Internal Revenue Service as alimony. Indeed, as the trial court found, a letter from husband's attorney to wife's attorney during settlement negotiations, referred to certain provisions in a proposed draft "as a sop to the I.R.S." This letter, together with other documentation, bolsters the trial court's conclusion that the parties intended the "maintenance provision" to be, in fact, a distribution of property.

■ Accordingly, neither *Spratlen v. Spratlen*, 30 Colo.App. 91, 491 P.2d 608 (1971) relied on by the husband, nor *In re Marriage of Hahn*, 628 P.2d 175 (Colo.App. 1981), relied upon by wife, is applicable. Rather, we are bound by the rule that provisions as to property disposition may not be modified absent conditions justifying the reopening of a judgment. *In re Marriage of Scheuerman*, 42 Colo.App. 206, 591 P.2d 1044 (1979); § 14–10–122(1), C.R.S. No attempt has been made here to establish the existence of such conditions.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.