HARRIS, APPELLANT, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLEE.

(No. 85AP-748—Decided January 30, 1986.)

*Butler, Cincione, DiCuccio & Dritz, Stanley B. Dritz* and *N. Gerald DiCuccio,* for appellant.

*Porter, Wright, Morris & Arthur* and *Darrell R. Shepard,* for appellee.

MITROVICH, J.   Plaintiff, Steven C. Harris, applied for a whole life insurance policy, with a supplemental decreasing term benefit, from the defendant, Prudential Insurance Company of America, on July 13, 1977. The policy contained an accidental death and dismemberment benefit which provided in pertinent part:

"Upon receipt at the Home Office of due proof that accidental bodily injury occurring on or after the policy date has resulted, directly and independently of all other causes, in any of the following losses being sustained by the Insured or the insured spouse, Prudential will, subject to the provisions of this policy, pay an amount equal to the amount specified below for such loss. Loss of a hand or foot means complete severance at or above the wrist or ankle, respectively. Loss of sight must be entire and irrecoverable.* * *"

Some three years after the policy was issued, plaintiff was accidentally injured, which resulted in his becoming a quadriplegic. He lost the use of his hands and legs, but no part of his body was severed. Plaintiff demanded from defendant payment under the policy and

argued that loss of use is equal to severance.

Plaintiff filed an action in the Franklin County Court of Common Pleas upon defendant's refusal of payment under the policy. By order of the trial court, dated July 12, 1984, the case was tried by way of stipulation and cross-motion for summary judgment. Trial briefs and responses by the parties were filed in November 1984. On July 15, 1985, the trial court found that the case was one of interpretation of an insurance policy. The court decided that the policy was not ambiguous in any way or sense and, thus, rendered judgment for the defendant.

Plaintiff presents one assignment of error:

"The trial court erred by holding that the language in the defendant's insurance policy was unambiguous and not reasonably susceptible to more than one meaning."

Plaintiff argues in support of his assignment of error that the trial court should not have adopted the narrow view of contract construction but was required to interpret the contract of insurance so that loss of use of hands and feet was no different than severance. Plaintiff also argues that the language of the contract was ambiguous and, therefore, lends itself to a dual construction. Either condition places the plaintiff in the position of being unable to enjoy their use.

Plaintiff cites the case of *Morgan* v. *Prudential Ins. Co. of America* (1976), 86 Wash. 2d 432, 434-435, 545 P.2d 1193, 1195, wherein the Supreme Court of Washington stated, in a case where eighty percent loss of use of each hand was experienced, that "* * *[t]he contract should be given a practical and reasonable rather than a literal interpretation; it should not be given a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within

its terms, or which would lead to an absurd conclusion, or render the policy nonsensical or ineffective. * * *"

We do not agree that the *Morgan* holding is controlling here. The case *sub judice* is clearly one of contract construction and interpretation of Ohio law. Under Ohio law, where the policy provisions are clear and unambiguous, the courts are precluded from enlarging upon the terms or attaching implications which are not contemplated by the parties. *Rhoades* v. *Equitable Life Assur. Soc. of U.S.* (1978), 54 Ohio St. 2d 45, 47 [8 O.O. 3d 39].

The first matter to be discussed, therefore, is whether the plain and ordinary reading of the contract language discloses any ambiguity or inconsistency. The plain and ordinary language has but one meaning. The defendant defined the terms of loss and specified that loss, as far as the contract was concerned, was loss by severance. There is no reference in any form that loss of use was contemplated by the drafter. Such an interpretation might be applicable where the policy is void of a definition; it would then be a reasonable extension to hold that "loss" also meant "loss of use." However, in the face of a definition, it is impossible to extend the terms of the policy. "Severance" has but one meaning, *i.e.,* "to separate." Random House Dictionary of the English Language (1971). In this there can be no ambiguity.

Plaintiff's injuries are indeed tragic but this cannot be the basis of contract interpretation. There is no dispute that plaintiff's hands and feet were not separated. There being no separation of body parts, there cannot likewise be a recovery. The issue in Ohio has been long settled. Defendant cites *Brotherhood of RR. Trainmen* v. *Walsh* (1913), 89 Ohio St. 15, as controlling in Ohio, and we agree this case still represents the law as it must be applied.

Therefore, the trial court's granting

of the defendant's motion for summary judgment was proper. There exists no demonstrative ambiguity in the contract of insurance.

For the foregoing reasons, plaintiff's assignment of error is not well-taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and McCORMAC, JJ., concur.

MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.