**Albert COHEN, Plaintiff–Appellant,**

v.

**EMPIRE CASUALTY COMPANY, a Colorado corporation, Defendant–Appellee.**

**No. 86CA1558.**

Colorado Court of Appeals, Div. V.

Feb. 2, 1989.

LaFond & Evangilisti, John S. Evangilisti, Denver, for plaintiff-appellant.

Cordova, Harris & Mellon, P.C., Larry N. Harris, John S.L. Sackett, Denver, for defendant-appellee.

HUME, Judge.

Albert Cohen appeals the summary judgment and award of attorney fees in favor of defendant, Empire Casualty Company. We affirm the judgment and reverse the award of fees.

Cohen, an attorney, hired Murdock, another attorney, to assist in representing Cohen's client. When Cohen failed to pay Murdock's fees, Murdock sued Cohen under various theories including contract, implied contract, quantum meruit, and unjust enrichment. Murdock also claimed damages for breach of fiduciary relationship, deceit, concealment, and outrageous conduct. The trial court ruled in favor of Murdock on the claim for fees, and we affirmed that part of the judgment. *Murdock v. Cohen*, 762 P.2d 691 (Colo.App. 1988).

During that dispute, Cohen sought indemnity and defense under his legal malpractice insurance policy issued by defendant. The policy covered claims against Cohen:

"arising out of any act or omission of the Insured in rendering or failing to render professional services for others in the Insured's capacity as a lawyer, and caused by the Insured or any other person for whose acts or omissions the Insured is legally responsible, except as excluded or limited by the terms, conditions and exclusions of this policy."

Defendant denied coverage, and Cohen brought this suit seeking recovery under this policy. The trial court granted defendant's motion for summary judgment, determining that Murdock's claim for fees was not covered by the policy because it did not "arise out of Cohen's rendering of professional services as an attorney."

Cohen first contends that the trial court erred in granting summary judgment because the same motion had previously been denied. We disagree. The trial court had authority to reconsider the motion. *Denver Electric & Neon Service Corp. v. Gerald H. Phipps, Inc.*, 143 Colo. 530, 354 P.2d 618 (1960); *Moore v. 1600 Downing Street, Ltd.*, 668 P.2d 16 (Colo.App.1983). Further, Cohen specifically agreed to the court's reconsideration of the motion and its construction of the language of the policy as a matter of law.

Cohen next contends that the summary judgment was erroneously entered because questions of fact were involved and the insurance policy contained ambiguous terms which could not be interpreted as a question of law. We find no merit in those contentions.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978). Once the movant shows that genuine issues are absent, the opposing party has the burden to demonstrate a true factual controversy. *Ginter v. Palmer & Co., supra.* Summary judgment is appropriate even where factual matters are involved if the facts are not in dispute. *Edwards v. Price*, 191 Colo. 46, 550 P.2d 856 (1976).

Here, defendant asserted that the insurance coverage could be determined as a matter of law, with the exception of a factual dispute concerning an affirmative

defense. Cohen agreed and made no showing that any factual controversy existed. Therefore, summary judgment was appropriate as it was not necessary to decide the disputed affirmative defense.

█ We are unpersuaded by Cohen's argument that the insurance policy terms were ambiguous. The trial court properly interpreted the policy based on all its provisions and the generally accepted meaning of its words. *See Radiology Professional Corp. v. Trinidad Area Health Ass'n,* 195 Colo. 253, 577 P.2d 748 (1978). The fact that the parties disagreed about the meaning of a term did not make that term ambiguous. *See In re Marriage of Anderson,* 711 P.2d 699 (Colo.App.1985).

█ The policy provided "professional liability coverage" for claims made against Cohen which arose out of his acts or omissions in "rendering or failing to render professional services for others in [his] capacity as a lawyer." We agree with the trial court's conclusion that the terms of coverage were unambiguous.

The word "lawyer" means "one whose profession is to conduct lawsuits for clients or to advise as to the prosecution or defense of lawsuits or as to legal rights and obligations...." *Webster's Third New International Dictionary* 1280 (1986), or one "whose business it is to give legal advice or assistance...." *Black's Law Dictionary* 799 (5th ed. 1979). *See also Denver Bar Ass'n v. Public Utilities Commission,* 154 Colo. 273, 391 P.2d 467 (1964). The word "professional" means "of, relating to, or characteristic of a profession or calling." *Webster's Third New International Dictionary* 1811 (1986).

Expenses incurred by a lawyer for maintaining his office, hiring secretaries, investigators, consultants, expert witnesses, and associates are incidental to a lawyer's *business.* His failure to pay either the cost of, or the reasonable value for, such *business* expenses cannot rationally be deemed a failure to provide legal advice or assistance to others *in his professional capacity as a lawyer.*

Here, Cohen's liability did not arise from his acts or omissions in rendering professional services as a lawyer to Murdock. Rather, it arose from Cohen's failure to pay for the value of services rendered by Murdock for Cohen's benefit on behalf of a client. Thus, the trial court correctly determined that liability was not included in the coverage defined by the plain language of the professional liability coverage policy.

█ Cohen also contends that the trial court erred in awarding defendant its attorney fees. Inasmuch as the trial court awarded the fees to defendant solely because it prevailed, we agree that the award was without a proper basis. *See Shaw v. Baesemann,* 773 P.2d 609 (Colo.App. No. 87CA1010, Dec. 29, 1988). Section 13–17–102(1), C.R.S. (1987 Repl.Vol. 6A) does not require a different result, as an award under that subsection is subject to all the provisions of § 13–17–102, including those concerning the finding of lack of substantial justification.

Because we determine that the award of fees was improper, we need not consider Cohen's assertions of error concerning lack of findings and a hearing.

█ Since this appeal involved legal issues not previously determined by binding precedent, it is not frivolous. *Jorgensen Realty, Inc. v. Box,* 701 P.2d 1256 (Colo. App.1985). Accordingly, we deny defendant's request for an award of attorney fees and double costs on appeal.

That portion of the judgment awarding attorney fees is reversed, and the judgment is affirmed in all other respects.

METZGER and CRISWELL, JJ., concur.