NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., Appellant,

v.

SHANE AND SHANE CO., L.P.A. et al., Appellees.

[Cite as *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Shane & Shane Co., L.P.A.* (1992), 78 Ohio App.3d 765.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59960.

Decided March 23, 1992.

766

*Janik & Bell, David Lester* and *Roy J. Schecter,* for appellant.

*Shane & Shane Co., L.P.A.,* and *Michael Bencivenni,* for appellee Shane & Shane Co., L.P.A.

*William F. Schmitz* and *Richard Summers,* for Anthony Nici.

HARPER, Judge.

## I

Appellant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National"), appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted an action in declaratory judgment in favor of appellee, Shane and Shane Co., L.P.A. ("Shane"). For the reasons that follow, we reverse.

## II

Richard Summers, who was an attorney with the law firm of Shane, represented Anthony Nici in a personal injury action. Nici filed a complaint in breach of contract and fraud on September 15, 1987 against Summers and Shane. The complaint alleged that Nici entered into a contract with the defendants which required him to pay twenty-five percent of all money collected on his behalf to the defendants. Nici alleged that at the conclusion of his personal injury case, the defendants deducted $8,000 in addition to the twenty-five percent agreed upon by the contract of the parties. He alleged that the defendants claimed that the additional deduction covered "other expenses."

Nici's complaint concluded that the defendants' action constituted fraud and a breach of contract and prayed for compensatory and punitive damages. Nici also prayed for attorney fees.

National is a malpractice insurance carrier for Shane. National was informed of the complaint by Shane. National appeared on Shane's behalf and, in a separate action, filed for a declaratory judgment, arguing that its contract of coverage does not cover the type of action instituted by Nici and, therefore, it had no duty to defend the action.

### III

Appellant's propositions of law are as follows:

"1. The trial court erred to National Union's prejudice in denying National Union's Motion for Declaratory (Summary) Judgment;

"2. The trial court erred to National Union's prejudice in finding that National Union provides coverage with respect to the case *Anthony Nici v. Richard Summers, et al.,* Cuyahoga County Court of Common Pleas, Case No. 136191."

We begin by noting that the record of the within case is replete with confusion as to whether it is a final appealable order. We resolve this issue by holding that in spite of the confusion in the record, this case is a final appealable order and neither Civ.R. 54(B) nor Civ.R. 42 is applicable. Nici's lawsuit was filed on September 15, 1987 and was assigned case No. 136191. On March 22, 1988, National sent a letter to Shane, indicating that it would defend the action, but reserving a right to decline its agreement to defend.

On October 25, 1988, National filed an action for declaratory judgment (case No. 158881), complaining that its policy precludes it from defending Shane. On November 1, 1989, National filed a motion to transfer case No. 158881 to Judge William Mahon, who was assigned the original case No. 136191. On November 28, the trial court denied National's motion to transfer (citing wrong dates) because "no motion to consolidate was filed in the lowest numbered case. See Local Rule 15(H)."

There was no further mention of consolidation or transfer in the entire record. Therefore, from our review of the record, since there was no consolidation or counterclaim, the two actions remained separate, and the non-resolution of one does not preclude the other from being appealed.

Since appellant's two propositions of law are centered on whether the trial court erred in denying its motion for declaratory judgment, they will be treated together. Appellant argues that the trial court should have granted its motion for declaratory judgment because the language of the policy of malpractice insurance issued to appellees excluded the facts in Nici's claim against Shane. Appellees argue that appellant has a duty to defend them against Nici's claim because "the policy of insurance clearly places the burden on the insurance company to provide a defense to any claim asserted against its insured. Further, the company shall have the right and duty to defend, * * * even if the allegations of the suit are groundless, false or fraudulent."

The provisions of the policy necessary to the resolution of the within case state as follows:

"I. Coverage

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any claim or claims, including claim(s) for personal injury, first made against the insured and reported to the Company during the policy period or extended reporting period, arising out of any act, error or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer, fiduciary or Notary Public, and caused by the insured or any other person for whose acts, errors or omissions the insured is legally responsible, except as excluded or limited by the terms, conditions and exclusions of this policy.

"II. Defense and Settlement (Included in the Limits of Liability)

"The Company shall have the right and duty to defend, subject to and as part of the limits of liability, any suit against the insured seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent.

## "EXCLUSIONS

"This policy does not apply:

"(a) to any claim arising out of any criminal act, error or omission of any insured:

"(b) to any claim arising out of any dishonest, fraudulent or malicious act, error or omission of any insured, committed with actual dishonest, fraudulent, or malicious purpose or intent. However, notwithstanding the foregoing, the Company shall defend any and all 'personal injury' claims;
" * * *

"(k) to any punitive or exemplary damages, fines, sanctions or penalties, or the return of or reimbursement for legal fees, costs or expenses."

Appellees argue that since the coverage includes "any claims asserted against its insured," appellant within the language of the policy has a duty to defend their case against Nici. We disagree. An insurance policy is a contract between two parties. Therefore, an insurance policy, like any other written contract, is interpreted from the four corners of the agreement unless a necessity arises which compels a court to go outside the four corners of the written agreement to prevent injustice. Where such necessity does not arise, there remains no authority for a court to look beyond the four corners of the contract. The four corners of an insurance policy include the liability coverage section and the exclusions section, and a proper construction of an insurance policy cannot be accomplished by relying on one provision to the exclusion of the others. See *Zanco v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 11 OBR 413, 464 N.E.2d 513.

In the within case, appellant's duty to defend will depend on whether the complaint against appellees satisfies both the liability coverage and the exclusion provisions of the policy. As the Ohio Supreme Court held in *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph two of the syllabus:

"The test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured. (*Socony–Vacuum Oil Co. v. Continental Cas. Co.* [1945], 144 Ohio St. 382 [29 O.O. 563, 59 N.E.2d 199], approved and followed.)"

Thus, we look at Nici's complaint against appellees to determine if it falls within the coverage of the policy. The relevant portion of Nici's complaint states as follows:

"11. Upon information and belief, it is maintained that very little, if any, of the additional $8,000.00 deduction was actually used to pay legitimate expenses and was wrongfully retained by defendants as additional legal fees, unauthorized and illegally retained.

"12. As a result of the wrongful retention of additional funds, the defendants have breached the aforesaid contract and the plaintiff is entitled to compensatory damages.

### *"COUNT TWO*

"13. Plaintiff realleges and reavers all the allegations contained in Paragraphs 1 through 12 as if fully rewritten.

"14. The actions of the defendants in wrongfully retaining sums from plaintiff's settlement were fraudulent and accomplished through misrepresentation of facts on which the plaintiff relied to his detriment.

"15. As a result of the fraudulent activities of the defendants, the plaintiff is entitled to an award of punitive damages and reasonable attorney's fees."

The nucleus of Nici's complaint is the fees deducted by appellees, which he claimed to be outside the contract of representation. Therefore, Nici's claim is a dispute on the fees appellees charged him. Appellees argue that the fee dispute is encompassed within the policy coverage, thereby mandating representation by appellant. We disagree with appellees' contention that the fee dispute is covered by the coverage portion of the policy, which states:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any claim or claims * * *

*arising out of any act* * * * in rendering or failing to render professional services for others in the insured's capacity as a lawyer * * *."

We cannot readily hold as did appellees that a fee dispute is the same as rendering "professional services." Therefore, by the terms of the policy, the fee dispute between Nici and appellees was neither part of the coverage nor contemplated by the parties.

Assuming, *arguendo*, that the fee dispute is part of the coverage, the facts of Nici's complaint negate appellant's duty to defend pursuant to the exclusion portion of the policy. Nici's complaint alleged that appellees' wrongful retention of his money was accomplished through misrepresentation and fraud. The policy specifically excludes "any claim arising out of any dishonest, fraudulent or malicious act." The Ohio Supreme Court, in *Zanco v. Michigan Mut. Ins. Co., supra*, held that "insurance contracts must be examined in their entirety to determine if there are any applicable exceptions to their coverage." *Id.*, 11 Ohio St.3d at 116, 11 OBR at 415, 464 N.E.2d at 515. See, also, *Reliable Springs Co. v. St. Paul Fire & Marine Ins. Co.* (C.A.6, 1989), 869 F.2d 993. Appellees argue that:

"The policy further states in pertinent part in section 'II. Defenses and Settlement (Included in the Limits of Liability)'

" 'The Company shall have the right and *duty* to defend, * * * even if any of the allegations of the suit are *groundless, false* or *fraudulent.*' (Emphasis added.)

"It becomes clear after reading the insurance policy provisions in question that the defendant-appellee is sufficiently covered under the Plaintiff–Appellant's policy of insurance."

Appellees' deliberate attempt to cite incomplete portions of the policy to make their argument is unpersuasive, since the policy limited representation to "damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent." Representation does not lie if the damages are not payable under the terms of the policy. There is equally a difference between allegations of fraud and misrepresentation in a suit and a "groundless, false and fraudulent" suit.

█ Where a policy is silent or ambiguous on what is excluded, all ambiguities should be resolved against the carrier. However, as in this case, where an exclusion is plain on its face, any fancy construction to include what is excluded by means of some legal fiat is unacceptable. It is settled law that a court must apply the manifest intent of an insurance policy where its language is clear and unambiguous. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403. See, also, *Harris v.*

*Prudential Ins. Co. of Am.* (1986), 27 Ohio App.3d 291, 27 OBR 336, 501 N.E.2d 77.

Appellees further argue that the holding in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, when applied to the within case, obligates appellant to defend them against the complaint. We disagree. The Ohio Supreme Court in *Willoughby Hills* held that:

" 'Where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim.' "

The *Willoughby Hills* holding is inapplicable in a case where the claims in the allegations are not within the policy coverage and the duty to defend cannot be found in the complaint. In the within case, since Nici's complaint, which was for a fee dispute, was outside the policy coverage, and the facts of the complaint are also excluded from coverage, *Willoughby Hills* is inapplicable.

■■■ Appellant further argues that it has no duty to defend appellees because Nici prayed for punitive damages, which were explicitly excluded from coverage. While we agree that punitive damages are not insurable, *Casey v. Calhoun* (1987), 40 Ohio App.3d 83, 531 N.E.2d 1348, and cannot in and of themselves create a duty to defend, we, however, do not make a blanket ruling that an insurance company has no duty to defend merely because a party prays for punitive damages in a complaint. A duty to defend exists where a pleading on its face discloses a case within the coverage of the policy even where punitive damages are prayed for, and nothing prevents the insurance carrier from separating the punitive damages claim from the defendable parts of the case. See *Socony–Vacuum Oil Co. v. Continental Cas. Co.* (1945), 144 Ohio St. 382, 29 O.O. 563, 59 N.E.2d 199. We also do not intend to exempt insurance carriers from defending claims where the prayer for punitive damages may have been as a result of the actions of the carrier. However, from the facts of this case, the intentional act of appellees, which was Nici's reason for seeking punitive damages, precludes appellant from defending the punitive damages suit pursuant to the exclusions in the policy coverage.

Accordingly, appellant's propositions of law are sustained and the trial court's judgment is reversed, and that court is ordered to render judgment for appellant.

*Judgment reversed.*

PATTON, P.J., and KRUPANSKY, J., concur.