PER CURIAM.
The defendant, Continental Casualty Company, appeals from an adverse final judgment. We reverse finding that the trial court erred, as a matter of law, by granting partial summary judgment against the defendant and by finding that there was legal malpractice insurance coverage. After examining the insurance policy, the second amended complaint, and the trial court’s order dismissing all counts except the breach of contract count, we find that the language of the “return of fees” exclusion is clear and unambiguous, that the “return of fees” exclusion is applicable, and that, as such, it excludes an action that was brought for excessive fees charged. See, Evanston Ins. Co. v. Fred A. Tucker & Co., 872 F.2d 278 (9th Cir.1989); Cohen v. Empire Casualty Co., 771 P.2d 29 (Colo.Ct.App.1989); Hofing v. CNA Ins. Cos., 247 N.J.Super. 82, 588 A.2d 864 (App.Div.1991); National Union Fire Ins. Co. v. Shane and Shane Co., 78 Ohio App.3d 765, 605 N.E.2d 1325 (1992). Because this issue is dispositive, we do not need to address the second issue raised on appeal.
Accordingly, we reverse and remand.