In re the MARRIAGE OF Michael
H. PARSONS, Appellant,

and

Angel M. Parsons, Appellee.

No. 00CA0997.

Colorado Court of Appeals,
Div. II.

July 19, 2001.

John R. Williamson, Denver, CO, for Appellant.

Debra R. Smith, Denver, CO, for Appellee.

Opinion by Judge NEY.

In this post-dissolution proceeding, Michael H. Parsons (husband) appeals the trial court's order continuing the payment of maintenance to Angel M. Parsons (wife) after her remarriage. We affirm.

The 1996 permanent orders incorporated the parties' stipulated separation agreement, which provided that:

Commencing November 5, 1996, *[husband] shall pay [wife] maintenance for a period of ninety-six months.* For the first thirty-six months the parties shall equalize their incomes, as described below. For the final sixty months, [husband] shall pay [wife] the sum of $2000 per month, the final payment to be made on November 5, 2004. *Thereafter, maintenance to [wife] shall cease permanently and forever.* ... It is expressly understood and agreed that the *maintenance ... is contractual in nature and non-modifiable* by any court. The payment of maintenance to [wife] *shall not be subject to increase, or decrease, or extension* due to change of economic circumstances of either party or for any other reason. (emphasis added)

Upon wife's remarriage in 2000, husband filed a motion to terminate maintenance, alleging that termination was required pursuant to § 14–10–122(2), C.R.S.2000, because the separation agreement did not specifically provide that maintenance would continue if

wife remarried. The court denied the motion, finding that the nonmodification clause prevented termination.

■ Husband contends that, because the agreement was silent on the issue of wife's remarriage, and did not specifically and expressly state that maintenance survives remarriage, maintenance should terminate as a matter of law. We disagree.

■ Section 14–10–122(2) provides that, unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or upon the remarriage of the person receiving maintenance. *See In re Marriage of Cargill,* 843 P.2d 1335 (Colo.1993)(maintenance obligation terminates upon remarriage). Generally, to overcome this statutory termination upon remarriage, an explicit reference to the continuation of maintenance after the recipient's remarriage is necessary. *See Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979); *Spratlen v. Spratlen,* 30 Colo.App. 91, 491 P.2d 608 (1971)(applying a predecessor statute).

However, in *In re Marriage of Hahn,* 628 P.2d 175 (Colo.App.1981), the husband was required to pay maintenance after his wife's remarriage even though there was no explicit reference to such continuation. There, the separation agreement provided that maintenance "will not be subject to modification for any reason except the death of the wife." *In re Marriage of Hahn, supra,* 628 P.2d at 176. A division of this court held that the language of that separation agreement indicated that it was the contemplation of the parties that only the wife's death would absolve the husband of liability for maintenance, and therefore the language was sufficient to satisfy the statutory requirement for an express provision regarding remarriage.

Here, the trial court, relying on *Hahn,* found that husband was obligated to pay wife the full ninety-six months of maintenance, regardless of her remarriage. Husband argues that *Hahn* is distinguishable. He notes that here, the parties made no reference to any event terminating maintenance, whereas one of the events—death—was explicitly referenced in the *Hahn* agreement.

In our view, the inclusion of a particular event in the *Hahn* agreement is an insufficient basis for distinguishing it from this case. As we read *Hahn,* the basis for the decision was that the parties waived the right to modify maintenance. The inclusion of one exception to the nonmodification clause is of little consequence, except to limit the extent of that waiver.

■ Accordingly, the fact that there was no exception to the nonmodification clause here does not persuade us to distinguish *Hahn.* In short, the presence of a nonmodification clause is sufficient to overcome the statutory presumption that maintenance terminates upon the recipient's remarriage. While express language concerning termination is preferable, the absence of that language is not fatal if the intent is evident from the agreement or decree as a whole. *See, e.g., In re Marriage of Graff,* 902 P.2d 402 (Colo.App.1994)(even though final orders did not expressly provide that maintenance was not terminated upon the death of husband, inasmuch as the order regarding life insurance to secure future maintenance payments immediately followed the order concerning maintenance, maintenance payments through the life insurance proceeds were deemed expressly required after husband's death).

Alternatively, husband argues that *Hahn* was wrongly decided. He points to courts in other jurisdictions that have decided this issue differently. *See, e.g., In re Marriage of Harris,* 203 Ill.App.3d 241, 148 Ill.Dec. 541, 560 N.E.2d 1138 (1990); *Gunderson v. Gunderson,* 408 N.W.2d 852 (Minn.1987); *In re Marriage of Allen,* 78 Wash.App. 672, 898 P.2d 1390 (1995). Interpreting provisions identical to § 14–10–122(2), all of these cases stand for the proposition that maintenance terminates upon remarriage unless the decree or agreement expressly states otherwise. Notably absent from these cases, however, is the added complexity of a waiver of the right to seek modification of maintenance.

The presence of a nonmodification clause changes the result, even in a jurisdiction that generally requires an express statement that maintenance survives remarriage. *See Telma v. Telma,* 474 N.W.2d 322

(Minn.1991)(remarriage did not terminate maintenance obligation where obligor unequivocally waived right to seek modification of maintenance award and agreed to termination only on two specified events, not including remarriage); *cf. Kahn v. Tronnier,* 547 N.W.2d 425 (Minn.Ct.App.1996)(noting the absence of a nonmodification clause in determining that maintenance terminated upon remarriage).

Thus, contrary to husband's assertion, our treatment of this issue uniformly follows at least one other jurisdiction. *See* § 14–10–104(1), C.R.S.2000 (Uniform Dissolution of Marriage Act should be construed to promote uniformity with other states that enact it); *In re Marriage of Cargill, supra.* While the general rule requires an express statement indicating that maintenance will survive remarriage, *see Gebhardt v. Gebhardt, supra; Gunderson v. Gunderson, supra,* we conclude that here the parties' unequivocal waiver of the right to seek modification as to remarriage also satisfies the requirements of · § 14–10–122(2). *See In re Marriage of Hahn, supra; Telma v. Telma, supra.*

Husband further argues that § 14–10–122(2) distinguishes between modification and termination; and therefore the waiver of the right to modify maintenance did not encompass the waiver of the right to terminate maintenance. However, because we are following *Hahn,* where the two terms were implicitly treated similarly, we necessarily reject this argument.

■ Husband also argues that wife's remarriage obviates her need for maintenance, therefore providing an alternative ground for termination of maintenance. Husband failed to raise this issue below, and therefore we will not consider it. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992)(issues may not be raised for the first time on appeal where the trial court has not had the opportunity to rule on them).

The order is affirmed.

Judge PLANK and Judge CASEBOLT concur.