23CA0997 Marriage of Derengowski 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0997 El Paso County District Court No. 17DR3699 Honorable Monica J. Gomez, Judge In re the Marriage of Tracy Lynn Brookham Appellee, and William Lawrence Derengowski, Appellant. APPEAL DISMISSED IN PART AND ORDER AFFIRMED Division I Opinion by JUDGE WELLING J. Jones and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 No Appearance for Appellee William Lawrence Derengowski, Pro Se 
1 ¶ 1 In this post-dissolution of marriage proceeding between William Lawrence Derengowski (husband) and Tracy Lynn Brookham (wife), husband appeals the district court’s order denying his motion for half of the tax refund from a 2017 joint return. We dismiss the appeal of the magistrate’s order and affirm the district court’s order. I. Background ¶ 2 The decree and permanent orders ending the marriage between husband and wife were entered in 2018. The lengthy record accumulated since that time reveals dozens of motions from husband, most of which concern a motor home awarded to wife and the marital joint tax filing for tax year 2017. At least eight motions sought sanctions against wife for (1) failing to prove that she had removed his name from any liens on the motor home and/or (2) failing to file an amended “married filing separately” 2017 tax return. He failed to achieve his desired relief. ¶ 3 On March 31, 2023, husband filed two additional motions. In the first motion, he asked for wife to be found in contempt because her evidence of the motor home lien cancellation was incomplete. A magistrate denied this motion. In the second motion, husband 
2 requested one half of the 2017 tax refund in lieu of wife filing an amended return. The district court denied the request, warning that it wouldn’t entertain any further motions on the matter. Husband appeals the district court order, but he also argues that the court erred by accepting wife’s proof of lien cancellation. II. Motor Home Issue ¶ 4 The district court’s order is the only order properly on appeal. To the extent husband also attempts to appeal the magistrate’s order regarding wife’s proof of the motor home lien cancellation, that order isn’t properly before us. When, as here, a magistrate rules on a matter where consent isn’t necessary, a party may not appeal the magistrate’s order to this court unless the party first files a timely petition for review to the district court and the district court rules on the petition. C.R.M. 7(a)(11), (12). Because husband didn’t petition for district court review of the magistrate’s order, we don’t have jurisdiction to review it. See In re Marriage of Stockman, 251 P.3d 541, 543 (Colo. App. 2010). Accordingly, we dismiss the appeal as to the motor home issue. 
3 III. 2017 Tax Issue ¶ 5 In the June 2018 permanent orders, a magistrate ordered the parties to “file married filing separately for the 2017 tax year.” But the April tax filing deadline had already passed, and wife had already filed a joint return for 2017. She had reported only her income and received a federal refund of $8,186 and a state refund of $628 — though she alleges that the latter was “confiscated” and applied to husband’s overdue restitution. ¶ 6 In 2019, the district court “amended” the final orders as follows: “The parties shall file separate tax returns for tax year 2017. [Husband] may proceed with filing his own tax return.” Wife later alleged, with supporting evidence, that the IRS wouldn’t allow her to amend her return to file separately. See https://perma.cc/A6TJ-4SMP at 8. And she alleged that husband had no income in 2017. In his 2023 motion, husband didn’t dispute either allegation, and he didn’t allege that he would have been entitled to a refund had he been permitted to file a separate return. Rather, he alleged that because the parties were still married when the return was filed, he was entitled to half of the refund “under Colorado law.” 
4 ¶ 7 We interpret husband’s motion for half of the 2017 tax refund as a motion to modify the property disposition provisions of the dissolution decree, and we review de novo whether the district court has jurisdiction to do so. Cf. In re Marriage of Roth, 2017 COA 45, ¶ 13. ¶ 8 The property disposition provisions of a dissolution decree may not be modified unless the movant asserts, and the court finds, conditions that justify reopening a judgment under C.R.C.P. 59 or C.R.C.P. 60. § 14-10-122(1)(a), C.R.S. 2023; see In re Marriage of McKendry, 735 P.2d 908, 909 (Colo. App. 1986); see also In re Marriage of Anderson, 711 P.2d 699, 701 (Colo. App. 1985) (courts may not modify property division terms when the movant made no attempt to establish the existence of conditions justifying reopening of the judgment). Husband didn’t cite either C.R.C.P. 59 or C.R.C.P. 60 — or any other legal authority — as a basis for his motion. And the district court didn’t apply either rule or find conditions that justify reopening the final orders, as mandated by section 14-10-122(1)(a). See In re Marriage of Connell, 831 P.2d 913, 916 (Colo. App. 1992) (court erred by modifying provision allocating home sale proceeds without first finding 
5 conditions that justified reopening the judgment). Moreover, husband’s request to amend the permanent orders was filed well beyond the 182-day deadline for requesting such relief for mistake, inadvertence, surprise, or excusable neglect under C.R.C.P. 60(b). ¶ 9 For these reasons, we conclude that the district court lacked jurisdiction to grant husband’s request and properly denied it. See Koch v. Dist. Ct., 948 P.2d 4, 7-8 (Colo. 1997); see also In re Marriage of Mattson, 694 P.2d 1285, 1286 (Colo. App. 1984) (court had no authority to modify property disposition without making findings under C.R.C.P. 60(b)). IV. Disposition ¶ 10 To the extent husband appeals the motor home issue, the appeal is dismissed. The district court’s order addressing the tax issue is affirmed. JUDGE J. JONES and JUDGE SCHOCK concur.