23CA1272 Marriage of Neeley 05-01-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1272
El Paso County District Court No. 22DR30566
Honorable Marla Prudek, Judge
Honorable Hilary Gurney, Judge

In re the Marriage of

Denise A. Neeley,

Appellant,

and

Steven W. Neeley,

Appellee.

## ORDERS REVERSED AND CASE
## REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Welling and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

Beltz West, P.C., Daniel A. West, Colorado Springs, Colorado, for Appellant

Law Office of Greg Quimby, P.C., Greg Quimby, Erica Vasconcellos, Colorado Springs, Colorado, for Appellee

¶ 1    Petitioner, Denise A. Neeley (wife), appeals the district court's orders granting the motion to modify permanent orders filed by respondent, Steven W. Neeley (husband), and denying wife's motion to enforce a provision of the permanent orders. We reverse the orders and remand for further proceedings on the parties' motions.

## I.    Background

¶ 2    In the course of this case (originally filed as a dissolution proceeding but converted to legal separation), wife and husband reached agreement on most of the relevant financial issues but couldn't agree on maintenance. The court set a permanent orders hearing to resolve that issue. Wife and husband filed a joint trial management certificate, *see* C.R.C.P. 16.2(h)(2), on November 7, 2022, one week before the hearing. Therein, wife requested maintenance of $4,335.60 per month for an indefinite period. And she requested that the court order husband to obtain a fifteen-year-term life insurance policy with a death benefit of $500,000 to secure the maintenance payments and a pension payment that she was also requesting.

¶ 3     Husband responded that he shouldn't have to pay any maintenance.  As for wife's request that husband be ordered to obtain a life insurance policy, he said,

> Husband has not had the opportunity to look into the cost.  Husband is fairly confident that given his age, his 70% disability rating, and the need for a whole life policy that the cost [of] insurance would be cost prohibitive.

¶ 4     At the hearing, husband didn't present any evidence as to the cost of the insurance policy requested by wife.[1]

¶ 5     The court entered a decree of legal separation and final orders (i.e., permanent orders) on December 6, 2022.  The court ordered husband to pay maintenance to wife of $717 per month for an indefinite period.  The court didn't address wife's request that husband be ordered to obtain a life insurance policy securing his maintenance obligation.

¶ 6     Both parties filed motions for post-trial relief.  Husband's C.R.C.P. 59 motion requested a reduction in monthly maintenance

---

[1] Husband claims that he testified at the hearing concerning his belief that the insurance policy requested by wife would be cost-prohibitive.  But he hasn't provided us with a transcript of his testimony and, in any event, he doesn't assert that he presented any actual evidence of the cost.

to $300, claiming a mathematical error in the court's calculation. Wife's motion, filed on December 20, 2022, also asked for relief under Rule 59; specifically, wife challenged the court's findings underlying its maintenance award and asked the court to address her request for a life insurance policy.

¶ 7     Husband responded to wife's motion on January 10, 2023. As to the life insurance issue, husband said that his position was "the same as his position" in the joint trial management certificate — that is, he believed obtaining such a policy would be "cost-prohibitive." Husband also asserted that a $500,000 policy would be "excessive" in light of the amount of maintenance awarded.

¶ 8     The district court granted husband's motion on January 12, 2023, and reduced maintenance to $300 per month.

¶ 9     On February 2, 2023, the court granted wife's motion in part, ordering husband to obtain and pay for a life insurance policy with a death benefit of $500,000. The court found that this was "fair and equitable" because husband hadn't made a particular election for his military retirement pay, the marriage was relatively long (twenty-eight years), and it had ordered husband to pay maintenance indefinitely. Husband didn't appeal that order.

¶ 10    On May 10, 2023, wife filed a motion to enforce husband's life insurance obligation.  Husband responded on May 11, 2023, with a motion to modify the judgment under section 14-10-122, C.R.S. 2024, and for relief from the judgment under C.R.C.P. 60(b)(4) and (5).  He asserted that "immediately" after receiving the court's February 2 order requiring him to obtain a $500,000 life insurance policy he "sought life insurance."  He provided the court with emails purporting to show the following:

- He received initial quotes on February 10, 2023, which were subject to him providing medical records.

- The initial quotes were $152.81 per month for a ten-year policy, $205.75 per month for a fifteen-year policy, and $298.59 per month for a twenty-year policy.

- Husband had a physical exam on February 11, 2023.

- He received updated quotes on May 2, 2023.

- The updated quotes were $670.69, $949.23, and $1,389.93 per month, respectively.

- He had received quotes for policies with lower death benefits.

¶ 11    Based on this and other assertions relative to the parties' finances, husband argued that a $500,000 policy was excessive; he couldn't afford to pay for a $500,000 policy; and a $250,000 or $150,000 policy, which he could afford, would be "more than sufficient to secure maintenance."  He suggested in the alternative that he be required to pay only $300 per month for a $500,000 policy with wife responsible for any remaining cost.

¶ 12    Responding to husband's motion, wife argued, among other things, that husband hadn't shown "changed circumstances" to justify relief under section 14-10-122(1)(a) or "extreme circumstances" justifying relief under Rule 60(b)(5), noting that husband had known before the permanent orders hearing in November 2022 that she was requesting a $500,000 policy as security but hadn't timely investigated insurance options.

¶ 13    On June 9, 2023, the court entered an order granting husband's motion to modify the judgment.  It ordered husband to provide quotes to wife, wife to choose a policy, husband to pay up to $300 per month for such policy, and wife to pay any difference.  Other than saying "[f]or the reasons and authority delineated in Husband's Motion," the court didn't explain the basis for its order.

(Indeed, the court merely adopted husband's proposed order, without modification.)  The court denied wife's motion to enforce on June 13, 2023.

## II.    Discussion

¶ 14    Wife contends on appeal that (1) the court erred by granting husband relief under section 14-10-122 and Rule 60(b); and (2) even if the court could grant husband relief under one or both of those provisions, it erred by granting such relief without a hearing. We agree with wife's second contention and therefore don't address her first.

¶ 15    It is fundamental that a court must make findings on a contested issue that are sufficient to allow for meaningful appellate review.  *See, e.g.*, *Argo v. Hemphill*, 2022 COA 104, ¶ 46; *Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶¶ 73-79.  In granting husband's May 11, 2023, motion, the court didn't make any such findings.  And given the intensely factual nature of the issues implicated by husband's motion (as well as wife's related motion to enforce), it appears that development of such a factual record concerning those issues is necessary.

## III.   Disposition

¶ 16     We therefore reverse the district court's orders and remand for further proceedings consistent with this opinion.  The court shall, if either party requests, take evidence bearing on the parties' motions and shall enter an order resolving those motions explaining the basis for the court's ruling.  In doing so, the court shall apply the law applicable to the motions under section 14-10-122 and Rule 60(b)(4) and (5).  *See, e.g., In re Marriage of Mattson*, 694 P.2d 1285, 1286 (Colo. App. 1984); *Craven v. S. Farm Bureau Cas. Ins. Co.*, 117 P.3d 11, 16 (Colo. App. 2004); *In re People in Interest of A.P.*, 2022 CO 24, ¶ 22.

JUDGE WELLING and JUDGE SCHOCK concur.