STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant,

v.

RAINSBERG, Appellee.

[Cite as *State Auto. Mut. Ins. Co. v. Rainsberg* (1993), 86 Ohio App.3d 417.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61875.

Decided Feb. 16, 1993.

*Richard M. Bertsch* and *Ann E. Leo,* for appellant.

*David S. Ake,* for appellee.

JOHN F. CORRIGAN, Presiding Judge.

Plaintiff State Automobile Mutual Insurance Company ("State Auto") appeals from the order of the trial court which awarded summary judgment to defendant Troy S. Rainsberg, in State Auto's declaratory judgment action. For the reasons set forth below, we reverse.

I

On November 3, 1989, Rainsberg struck two pedestrians on the Ohio Turnpike while operating a van owned by his employer. Rainsberg sustained personal injuries, and subsequently brought a claim for uninsured motorists coverage against State Auto, the insurer of the van. State Auto denied the claim, then instituted this declaratory judgment action to determine whether uninsured motorist coverage should be provided.

Both parties moved for summary judgment and stipulated to the facts of the incident, as they were set forth in a crash report prepared by the State Highway Patrol.

According to this report, Anderson Decime, Christopher Sposato and Robert Senn were en route from Cleveland to New York in Decime's uninsured vehicle. The vehicle broke down on Interstate 71 due to battery problems, but was then jump-started and the group entered the Ohio Turnpike. After proceeding five to ten miles, the car broke down again and Decime pulled over on to the left berm of the road. Decime activated the flashers and the men exited the car to signal for help. Sposato and Senn stood at the rear of the car and waived down help and as Decime opened the hood of the vehicle, Neophytos Hadjicharalambous pulled in front of the stalled car. Senn spoke with Hadjicharalambous, and he agreed to jump-start the vehicle. Senn and Sposato then returned to the rear of the vehicle to "flag cars away," and Hadjicharalambous pulled to the right berm. He then began backing up in order to return to the left berm in proper position to jump-start Decime's car.

The flashers of Decime's vehicle subsequently failed. Thereafter, Rainsberg approached in his vehicle, and observed Hadjicharalambous backing up in the right berm. He did not see Decime's vehicle. A split second later, Rainsberg observed a pedestrian standing or walking in his lane of travel. Rainsberg struck both Senn and Sposato. Sposato died as the result of his injuries and Rainsberg sustained a broken hand.

The North Royalton Prosecutor subsequently determined that Rainsberg was proceeding in a lawful manner, and no charges were filed against him.

The parties further stipulated that the insurance policy issued by State Auto contains the following uninsured motorists provision:

"COVERAGE

"We will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle' because of 'bodily injury' caused by an 'accident.' The owner's or driver's liability of these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle.' "

In addition, the parties agreed that Rainsberg is an "insured," who sustained "bodily injury."

The trial court subsequently determined that uninsured motorist coverage was applicable because Rainsberg was "legally entitled to recover damages" from Decime and liability resulted from the "ownership, maintenance or use of his uninsured vehicle." State Auto now appeals.

## II

In its two interrelated assignments of error, State Auto urges this court to independently review the stipulated facts and conclude that the trial court erred in declaring that Rainsberg is "legally entitled to recover" damages from Decime, due to the "ownership, maintenance, or use" of Decime's uninsured vehicle.

■ As an initial matter, we note that an appellate court stands in the shoes of the trial court when reviewing appeals from judgments rendered solely on stipulated facts. *Cincinnati Ins. Co. v. Slutz* (Oct. 13, 1987), Stark App. CA–7109, unreported, 1987 WL 18538. The appellate court therefore conducts an independent review in this instance. *Id.*

■ With respect to State Auto's first argument, we note that the phrase "legally entitled to recover from the owner or operator of an uninsured auto," contained in an uninsured motorist provision of an automobile liability insurance policy, means that the insured must be able to prove the elements of his or her claim necessary to recover damages. *Sumwalt v. Allstate Ins. Co.* (1984), 12 Ohio St.3d 294, 12 OBR 368, 466 N.E.2d 544 syllabus. That is, the plaintiff must establish fault on the part of the uninsured motorist which gives rise to damages, and prove the extent of those damages. *Id.* at 296, 12 OBR at 370, 466 N.E.2d at 546.

In this case, Rainsberg asserts that Decime was at fault pursuant to R.C. 4513.02(A) because he knowingly drove an unsafe vehicle on the highway. This court is hesitant to conclude that a vehicle which had to be jump-started on one previous occasion is "dangerous" within the meaning of R.C. 4513.02.

■ Rainsberg further urges this court to conclude, as the trial court concluded, that Decime was at fault because he acted in concert with Sposato and Senn, and is therefore liable for their entry into Rainsberg's lane of travel. We find that the stipulated facts do not permit liability to be premised upon a concert of action. Pursuant to the Restatement of the Law 2d, Torts (1965) 315, Section 876:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

"(a) does a tortious act in concert with the other or pursuant to a common design with him, or

"(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

"(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

Comment *c* states, however:

"In order for the rule stated in Clause (a) to be applicable, it is essential that the conduct of the actor be in itself tortious. One who innocently, rightfully and carefully does an act that has the effect of furthering the tortious conduct or cooperating in the tortious design of another is not for that reason subject to liability."

In this case, Decime's conduct was not itself tortious. Further, he did not assist Sposato and Senn in entering the roadway. In addition, he did not know where they were standing because his view was obscured by the hood of his vehicle. Moreover, absent a showing that Decime was at fault, Rainsberg is not "legally entitled to recover damages" from him and uninsured motorists coverage should be denied.

With respect to State Auto's second argument, *i.e.*, that liability, if it exists, does not result from the "ownership, maintenance, or use of the 'uninsured motor vehicle,' " we note that this phrase has been judicially construed to require "that a causal relation or connection must exist between the accident or injury and the 'ownership, maintenance or use' of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the ownership, maintenance or use' of a vehicle. Where such causal connection or relation is absent, coverage will be denied. See Annotation (1963), 89 A.L.R.2d 150, 153.

"A number of authorities in this area define the term 'arising out of' to mean 'originating from' or 'growing out of' or 'flowing from.' Annotation, *supra*, 89 A.L.R.2d at 61. The term has also been used to mean 'causally connected with, not proximately caused by.' See *Manufacturers Cas. Ins. Co. v. Goodville Mut. Cas. Co.* (1961), 403 Pa. 603, 607, 170 A.2d 571, 573. Therefore, *the issue is not one of proximate cause. It is sufficient if the use is connected with the accident or the creation of a condition that caused the accident.* The consensus is that the issue is not one of proximate cause but the requirement of some causal relation or connection.

" * * *

" * * * [I]t is required that there be a factual connection growing out of or originating with the use of the vehicle." (Emphasis added.) *Nationwide Ins. Co. v. Auto–Owners Mut. Ins. Co.* (1987), 37 Ohio App.3d 199, 202, 525 N.E.2d 508, 511 (where driver attempts to comply with statute prohibiting transporting a loaded firearm in a motor vehicle as a prerequisite to travelling in truck, and passenger is injured, such injury is sustained in connection with "use" of truck). Accord *Hall v. United States Fid. & Guar. Co.* (1957), 107 Ohio App. 13, 16–17, 7 O.O.2d 344, 345, 155 N.E.2d 462, 465 (claimant who was squeezed between a jeep

and a second vehicle while waiting to attach a tow line to the jeep was injured in connection with the use of the jeep).

In this case, the accident clearly has a factual connection growing out of and originating with Decime's use of the uninsured vehicle as Rainsberg was injured in connection with Sposato and Senn's efforts to divert traffic away from the stalled vehicle.

State Auto contends, however, that the instrumentality causing injury is the pedestrians, who were out of the vehicle, and not the vehicle. It therefore asserts that this matter is governed by the Supreme Court's pronouncement in *Kish v. Central Natl. Ins. Group* (1981), 67 Ohio St.2d 41, 21 O.O.3d 26, 424 N.E.2d 288. In *Kish*, however, the court explained:

"The relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle. The application of this standard to the instant facts leads us to conclude that the intentional, criminal act of the murderer was an intervening cause of injury unrelated to the use of the vehicle. As the court below stated, 'the death resulted from an act wholly dissociated from and independent of the use of the vehicle as such.'"

In this case, the chain of events preceding the injury exclusively concerned the Decime group's efforts to obtain help with the vehicle and to divert traffic from it. There were no intervening acts unrelated to the use of the vehicle. Accordingly, the injury clearly results from use of the vehicle. In light of our previous determination that Rainsberg is not "legally entitled to recover damages" from Decime, however, the judgment rendered below is hereby reversed and remanded for disposition consistent with this opinion.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

SPELLACY and KRUPANSKY, JJ., concur.