GRANGE MUTUAL CASUALTY COMPANY, Appellee,

v.

DARST et al., Appellants.

[Cite as *Grange Mut. Cas. Co. v. Darst* (1998), 129 Ohio App.3d 723.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 97 CA 59.

Decided Sept. 11, 1998.

*Paul J. Winterhalter* and *Michael W. Sandner,* for appellee.

*Andrew R. Pratt,* for appellants.

---

GRADY, Judge.

This is an appeal from a summary judgment for an insurance company on a policyholder's claim for uninsured motorist coverage.

The facts underlying the claim for coverage involve a tragic accident that occurred on July 20, 1995, in Piqua. Kendra Darst had taken her two-year-old twin boys, Jeremy and Daniel, along with her when she drove her 1982 Chevrolet Suburban to her sister's house. The boys were both secured in car seats. Mrs. Darst left the boys in the vehicle. One of them was able to extricate himself from his car seat, and he apparently located a package of Ohio Blue Tip kitchen matches that were in the vehicle. He ignited a match and the vehicle was soon engulfed in flames. Jeremy Darst perished in the fire. Daniel Darst was rescued by a passerby, but suffered burns from the fire.

Kendra Darst, and her two sons, and her husband, Bruce Darst, are insureds under a policy of automobile liability insurance issued by Grange Mutual Casualty Company ("Grange"). The policy also provided these insureds with uninsured/underinsured motorist coverage.

Bruce Darst was appointed the executor of Jeremy Darst's estate. In that capacity, and individually, and on behalf of his surviving son, Daniel, Mr. Darst commenced an action against Kendra Darst for compensation for the injuries and losses each had suffered.

Grange commenced this separate action for declaratory judgment, asking the trial court to find that Grange had no duty under the policy to defend and indemnify Kendra Darst on these claims. Bruce Darst filed an answer and a counterclaim in which he asked the court to declare that the uninsured motorist coverage provisions of the policy applied to the claims against Kendra Darst if the liability coverage provisions in the policy did not. Both sides subsequently filed motions for summary judgment on their claims.

The trial court granted summary judgment for Grange. The judgment rested on two findings. First, the court found that Grange was not obligated to cover Kendra Darst's liability as an insured because of an exclusion in the policy pertaining to claims for bodily injury to family members. Second, the court found that Grange was not obligated to cover the other insureds' claims against Kendra Darst as an uninsured motorist because her liability in that regard does not "arise out of the ownership, maintenance, or use of" her vehicle, as the policy requires.

Bruce Darst filed a timely notice of appeal. He presents a single assignment of error:

"The trial court erred in granting appellee's motion for summary judgment and by overruling appellants' motion for summary judgment because appellants' injuries, loss and damages were the result of an accident causally connected with the ownership, maintenance or use of an uninsured motor vehicle as defined by a personal automobile policy issued by appellee."

Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. "Because a trial court's determination of summary judgment

concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is *de novo.*" *Am. States Ins. Co. v. Guillermin* (1996), 108 Ohio App.3d 547, 552, 671 N.E.2d 317, 320.

It is undisputed that the family-member exclusion in the liability coverage provisions of its policy relieves Grange of any obligation to defend and indemnify Kendra Darst on these claims. The issue presented is whether, because she is then uninsured, Grange must provide coverage to Bruce Darst on his several claims against Kendra Darst under the uninsured motorist provisions of its policy. The trial court here determined that Grange could have no such obligation because the damages involved did not "arise out of the ownership, maintenance, or use" of the vehicle by Kendra Darst, as the policy requires.

In arriving at its conclusion, the trial court reasoned:

"2. However, the fire did not *'arise* out of the use of the vehicle.' (Emphasis Added). The Court cannot conclude that the accident in any way arose from the use of the vehicle as an instrumentality only from the given premise that the accident occurred in the vehicle. The fact that both the operator and the children were using the vehicle at the time does not; in itself, make the injury one 'arising out of the use' of the vehicle. (Citation omitted). The sole causation of the accident was the striking of matches by the children. The tragic result did not 'arise out of the use of the vehicle' because there is no factual connection growing out of or originating with the use of the vehicle as an instrumentality. The accident did not originate from, grow out of, or flow from the use of the vehicle as an instrumentality. There is no factual connection between the vehicle as a contributing factor to the accident except that the accident occurred in the vehicle. In order to satisfy the 'arise' requirement, it is required that the vehicle contributed in some fashion toward producing the injury and death and was more than simply the place in which the injury occurred. *Nationwide Insurance Company v. Auto-Owners Mutual Insurance Company, supra,* [37 Ohio App.3d 199] at 203 [525 N.E.2d 508 at 511–512].

"3. The death and injuries caused to the children were the result of an independent intervening act and did not arise out of the use of the motor vehicle."

We believe that the trial court erred in its analysis of the issue presented.

 In the context of automobile liability insurance, ownership, maintenance, or use merely correspond to the element of control necessary to demonstrate potential liability. In that regard, "[a]ny exercise of control over the vehicle constitutes a use, regardless of its purpose, extent, or duration." 8 Couch on Insurance 3d (1997) 119–57, Section 119:37. "[C]ourts have made it clear that the term 'use' has a broad meaning and that the term serves as a catchall

provision. Appleman, Insurance Law and Practice, § 4316, p. 341. Furthermore, courts have set forth some basic guidance in determining what constitutes 'use' by declaring that the term 'use' has a broader meaning than the word 'operate.' *Id.*, at 343. * * * [A] motor vehicle may be in the owner's use, even though the owner is not operating the vehicle, when the vehicle is being used for the owner's benefit, advantage, purpose, or in furtherance of the owners' interests." *Plessinger v. Cox* (Dec. 31, 1997), Darke App. Nos. 1428, 1429, at p. 9–10, unreported, 1997 WL 797689.

■ It is beyond dispute that Kendra Darst was in control of the vehicle when these injuries occurred. She had operated it, and parked it intending to resume operating it again. She left her two young sons inside, alone and unattended. Therefore, the necessary basis for her potential liability is demonstrated.

Nevertheless, the trial court found that the damages involved did not *arise out of* Kendra Darst's ownership, maintenance, or use of the vehicle because the vehicle was not itself an instrumentality of the injuries from which Bruce Darst's damage claims result. The court also found that any causal connection was severed by the intervening act of one of the children when he struck a match. This, also, was an incorrect analysis.

The issue is not whether the vehicle itself was the instrumentality of the underlying injuries. Rather, the issue is whether the operator's ownership, maintenance, and use of the vehicle was. It was if the injuries arose out of any of those factors.

"The phrase 'arising out of' has been defined by courts as 'originating from,' 'growing out of,' and 'flowing from.' *State Auto. Mut. Ins. Co. v. Rainsburg* [*Rainsberg*] (1993), 86 Ohio App.3d 417, 421, 621 N.E.2d 520, 522. Although the phrase implies that there must be a causal connection between the ownership, maintenance, or use of the uninsured motor vehicle and the insured's injuries, courts have stressed that the issue is not one of proximate cause. *Id.* Rather, 'it is sufficient if the [ownership, maintenance, or] use is connected with the accident or the creation of a condition that caused the accident * * * [and that] there be a factual connection growing out of or originating from the [ownership, maintenance, or] use of the vehicle.' " *Id.*, at 8–9.

The damages that Bruce Darst claims grew out of or originated from Kendra Darst's ownership, maintenance, or use of the vehicle. The *control* that those factors imply charged her with responsibility for the condition of the vehicle, which includes its contents. The matches were among its contents. The fact that one of them was ignited to create the fire that resulted in the injuries that form the basis for Bruce Darst's damage claims demonstrates that those claims *arose out of* Kendra Darst's ownership, maintenance or use of the vehicle.

Though the proximate cause standard does not control the issue of coverage in this regard, there was evidence that the vehicle itself was an instrumentality that proximately caused the underlying injuries. The coroner opined that "the cause of death of Jeremy Darst is inhalation of products of combustion and extensive thermal burns." To that extent, the vehicle was more than just the location of the injury. The vehicle itself burned and the byproducts of that burning contributed to Jeremy Darst's death. In addition, one of the fire investigators opined in a supplemental report that "[t]he fire probably caused a significant amount of smoke and with the age of the children they could not remove themselves from the vehicle during a panic situation." In that sense, the vehicle as an instrumentality, contributed to their injuries in that it served as an enclosure from which they could not escape.

■ The "intervening act" analysis that the trial court employed to find that the damages from the fire did not arise out of Kendra Darst's control of the vehicle applies to a nexus of causation, and does not apply to the mere factual connection required for coverage. Even if it did, it would not apply here.

"In order to relieve a party of liability, a break in the chain of causation must take place. A break will occur when there intervenes between an agency creating a hazard and an injury resulting therefrom another conscious and responsible agency which could or should have eliminated the hazard. *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 323, 58 O.O. 119, 130 N.E.2d 824, paragraph one of the syllabus; *Thrash v. U–Drive–It Co.* (1953), 158 Ohio St. 465, 49 O.O. 402, 110 N.E.2d 419, paragraph two of the syllabus. However, the intervening cause must be disconnected from the negligence of the first person and must be of itself an efficient, independent, and self-producing cause of the injury." *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 584–585, 613 N.E.2d 1014, 1024–1025.

The intervening-act principle has been held to bar insurance coverage for damages resulting from shootings committed by motorists. *Kish v. Cent. Nat. Ins. Group* (1981), 67 Ohio St.2d 41, 21 O.O.3d 26, 424 N.E.2d 288. *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878. It has also been thus applied to bar coverage of damages resulting from a driver's rape after she was abducted from her vehicle. *Lattanzi v. Travelers Ins. Co.* (1995), 72 Ohio St.3d 350, 650 N.E.2d 430. In those instances, the intervening cause of injury was disconnected from any negligence involved in the actor's operation, maintenance, or use of the motor vehicle.

Here, Kendra Darst's alleged negligence in the ownership, maintenance, or use of her automobile is founded on her having left her two young children alone and unattended in a vehicle where matches were kept. The fire that resulted from use of the matches by one of the children was thus not disconnected from her

alleged negligence. Whether the resulting injuries were foreseeable to Kendra Darst is determinative of her liability, but it does not convert the cause of the injuries to one that was disconnected from her alleged negligence. Therefore, the intervening-act analysis cannot apply.

Acting on our authority to review the issues presented *de novo, Am. States Ins. Co. v. Guillermin, supra,* we find that, on this record, reasonable minds could only conclude that the claims for damages that Bruce Darst makes in his several capacities against Kendra Darst arose out of her ownership, maintenance, or use of the motor vehicle in which the fire of July 20, 1995, took place. Therefore, the trial court erred when it entered summary judgment for Grange. Because Civ.R. 56(C) requires the court to enter summary judgment for a movant who makes the showings required, we also find that the trial court erred when it overruled Bruce Darst's motion for summary judgment on the relief requested in his petition, which was a declaration that Grange is obligated to provide uninsured motorist coverage for the damages concerned.

The assignment of error is sustained. The judgment from which this appeal is taken is reversed. Per App.R. 27, the case is ordered returned to the trial court on our mandate to enter summary judgment for Bruce Darst in his several capacities, declaring that Grange is obligated under the terms of its policy to provide uninsured motorist coverage for the damages that Bruce Darst claims from Kendra Darst arising from the fire that occurred in her vehicle on July 20, 1995. Bruce Darst is not entitled at this point to a judgment requiring Grange to pay such damages, as he requested in his counterclaim, because Kendra Darst's legal liability to pay them has not been determined and because this action contained no request for money damages as relief.

*Judgment reversed.*

WOLFF and FAIN, JJ., concur.