**VANHOOSE, Appellant,**

**v.**

**CARTMILL et al.; Allstate Indemnity Company, Appellee.**

[Cite as *Vanhoose v. Cartmill* (2001), 146 Ohio App.3d 161.]

Court of Appeals of Ohio,
Second District, Greene County.

Nos. 2001 CA 19 and 2001 CA 23.

Decided Sept. 28, 2001.

*Carmine Garofalo,* for plaintiff-appellant.

*Patrick J. Janis,* for defendants Jamie L. Cartmill and Douglas Battery Manufacturing Company.

*Michael W. Sandner,* for defendant-appellee Allstate Insurance Company.

WOLFF, Presiding Judge.

Linda Vanhoose ("Vanhoose") appeals from a judgment of the Greene County Court of Common Pleas, which granted summary judgment in favor of Allstate Insurance Company ("Allstate").

In 1999, Vanhoose and her husband Phillip had automobile insurance coverage through Allstate. Phillip Vanhoose was the named insured. He had originally purchased the policy with Allstate in November 1993, and he had renewed the policy every six months thereafter, most recently in November 1998. On January 5, 1999, Phillip and Linda Vanhoose were involved in a traffic accident in which Phillip was driving and Linda was injured. Another vehicle was also involved in the accident. Vanhoose was excluded from recovering under the liability coverage of Phillip's Allstate policy because of its family-exclusion provision. She filed a claim against Allstate for uninsured motorist coverage

under the theory that, if her husband was found to be negligent in the accident, he was an uninsured tortfeasor with respect to her injuries because he was ineligible for liability coverage under his policy. Allstate denied coverage on the basis that an uninsured motor vehicle, as defined in the policy in effect at the time of the accident, excluded "a motor vehicle which is insured under the Automobile Liability Insurance of this policy." It is unclear from the record exactly when Allstate had inserted this particular exclusion from the definition of an uninsured motor vehicle into the insurance contract, but the insertion had apparently occurred sometime between the May 1997 and the November 1998 renewals of the policy. A similar exclusion had been codified at R.C. 3937.18(K) in September 1997.

Vanhoose filed a complaint against a number of parties, including Phillip and Allstate. Allstate filed a motion for summary judgment on the issue of its liability for uninsured motorist coverage, and the trial court granted the motion. Vanhoose raises two assignments of error on appeal.

■ As a preliminary matter, we note that Allstate's response to Vanhoose's arguments herein is largely based upon the fact that the arguments presented on appeal are not the same arguments presented in the trial court. This fact is due in part to the trial court's handling of the case, however. Insofar as Vanhoose's arguments are not inconsistent with or contrary to the theory upon which she proceeded below, this shift in the focus of the case is not problematic. See *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 184–185, 23 O.O.2d 462, 192 N.E.2d 47. In other words, Vanhoose has not waived these arguments, as Allstate claims.

"I. The trial court erred in its determination that the language of the November 13, 1998 contract for automobile insurance, which incorporated parts of House Bill 261, is controlling."

■ Vanhoose claims that, pursuant to R.C. 3937.31(A), she and Phillip had been guaranteed a two-year period during which Allstate was not permitted to alter the terms of its policy without their agreement and that, calculating this period from the May 1997 renewal of the insurance contract—which did not exclude vehicles covered under the policy from the definition of an uninsured motor vehicle—Allstate was not entitled to enforce the exclusion as to the January 5, 1999 accident, which occurred within what she claimed to be the guaranteed two-year period: May 1997 through May 1999. Thus, she claims that she is eligible for uninsured motorist coverage under the Allstate policy if Phillip is found to have been negligent in causing the accident.

R.C. 3937.31(A) provides that "[e]very automobile insurance policy shall be issued for a period of not less than two years or guaranteed renewable for

successive policy periods totaling not less than two years." The Supreme Court has interpreted R.C. 3937.31(A) to require that every automobile insurance policy have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to R.C. 3937.39. *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 250, 725 N.E.2d 261. The commencement of each policy period brings into existence a new contract of automobile insurance, and the two-year guarantee period applies whether the policy is characterized as a new policy of insurance or a renewal of an existing policy. *Id.* The Supreme Court has further held that the statutory law in effect on the date of issue of each new policy is the law to be applied to the contract. *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus.

At the time of the May 1997 renewal of Phillip's insurance contract, the contract did not yet exclude "a motor vehicle which is insured under the Automobile Liability Insurance of [its] policy" from the definition of an uninsured motor vehicle. Likewise, R.C. 3937.18(K), which incorporated this exclusion into the statutory definition of an uninsured motor vehicle, was not yet the law at that time. At first blush, some of the language in *Wolfe* seems to support Vanhoose's argument that she was entitled to enforce the policy provisions included in the May 1997 renewal of the Allstate insurance contract and to the statutory law in effect at that time because the accident occurred less than two years after this renewal. However, a closer examination of the law set forth in *Wolfe* and of how the Supreme Court applied that law to the facts of that case leads us to conclude that the protection afforded by R.C. 3937.31(A), as interpreted in *Wolfe*, is not as broad as Vanhoose claims.

In *Wolfe*, the original issuance of the automobile liability insurance policy was on December 12, 1983. The supreme court stated:

"Counting successive two-year policy periods from [the original date on which the policy was issued], appellant's last guaranteed policy period would have run from December 12, 1993 to December 12, 1995. Am.Sub.S.B. No. 20 was enacted on October 20, 1994, approximately fourteen months before the end of appellant's two-year guaranteed policy period. Therefore, those provisions of the statute intended to supersede our decision in *Savoie* [*v. Grange Mut. Ins. Co.*, (1993) ], 67 Ohio St.3d 500, 620 N.E.2d 809, could not have been incorporated into the contract of insurance until the mandatory policy period had expired on December 12, 1995 and a new guarantee period had begun." *Id.* at 250–251, 725 N.E.2d 261.

Viewed in this context, it is apparent that the Supreme Court's interpretation of R.C. 3937.31(A) is that it provides for *successive* two-year guaranteed policy periods, and during any such period the terms of an insurance policy cannot be altered without the consent of the insured. It does not provide for such a two-

year period to begin each time an insurance contract is renewed, as Vanhoose contends. Where, as here, the policy is renewed semiannually, or where, as in *Wolfe*, the policy is renewed annually, such an interpretation would result in an overlapping of two-year guaranteed policy periods that could indefinitely prevent the incorporation of a contract amendment based upon a newly enacted statute into a contract of insurance.

Even if Vanhoose's interpretation would not create a situation of overlapping two-year guaranteed policy periods, there is further support for concluding that *Wolfe* interprets R.C. 3937.31(A) as providing for successive two-year periods, regardless of the frequency of policy renewals. In *Wolfe*, the most recent renewal of the policy prior to the April 2, 1995 accident occurred December 12, 1994. The court determined that the applicable two-year period was December 12, 1993 to December 12, 1995—during which the *Savoie* amendment, Am.Sub. S.B. No. 20, was enacted—and not December 12, 1994 to December 12, 1996, which would have been the applicable two-year period if every policy renewal began a new two-year guaranteed policy period.

Phillip Vanhoose originally purchased his Allstate policy in November 1993. Pursuant to *Wolfe*, he was entitled to successive two years periods during any one of which no changes could be incorporated into his policy without his agreement. These periods ran from November 1993 to November 1995, from November 1995 to November 1997, and from November 1997 to November 1999. The accident occurred during this last period. As of September 1997, when R.C. 3937.18(K) was enacted, Allstate was permitted to exclude the Vanhoose's vehicle from the definition of an uninsured motor vehicle under the terms of its insurance policy. Such an exclusion had previously been held to violate the legislature's intent in enacting R.C. 3937.18. See *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 400, 583 N.E.2d 309. The enactment of R.C. 3937.18(K) did not automatically incorporate such an exclusion into existing policies, however. It is unclear from the record before us when Allstate did, in fact, insert such an exclusion into its policy language. If such a exclusion was incorporated into Phillip's Allstate policy before or when it was renewed in November 1997, which was the beginning of a successive two-year period, Vanhoose was not entitled to uninsured motorist coverage at the time of the accident. If, on the other hand, Allstate did not incorporate such an exclusion before or when the policy was renewed in November 1997, the exclusion would not have been effective during the November 1997 to November 1999 guaranteed policy period pursuant to R.C. 3937.31(A), and Vanhoose would have been eligible for uninsured motorist coverage at the time of the accident. Because we cannot determine from the record before us when the exclusion was added to the Allstate policy, we will remand this matter for the trial court to make that determination.

The first assignment of error is sustained.

"II.    The trial court erred in its determination that *Grange Mutual Casualty Co. v. Darst, et al.* (1998), 129 Ohio App.3d 723 [719 N.E.2d 24], is distinguishable from the present case."

Vanhoose claims that the trial court erred in distinguishing *Grange Mut. Cas. Co. v. Darst* (1998), 129 Ohio App.3d 723, 719 N.E.2d 24.

*Darst* involved the death of one child and the severe burns suffered by his brother after one of the children started a fire in a car in which they had been left unattended.   The case dealt with whether the surviving brother and the children's father, individually and as executor of his son's estate, could collect uninsured motorist coverage under the family's insurance policy based on the mother's negligence.   *Darst* was decided before the adoption of R.C. 3937.18(K), which excludes an automobile insured under the liability provision of a policy from the definition of an uninsured motor vehicle, and the court did permit the family members to recover under the uninsured motor vehicle provisions of the policy.   We agree with Vanhoose that the facts in *Darst* parallel the facts in this case and that the trial court erred in distinguishing the two cases on their facts. We further note, however, that the overriding focus in *Darst* was on whether the accident had arisen out of the ownership, maintenance, or use of the vehicle, and that the trial court's discussion of *Darst* is inconsequential in light of changes in the statutory law subsequent to *Darst* and our resolution of the first assignment of error.

The second assignment of error is sustained.

The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FAIN and GRADY, JJ., concur.