OPINION
Plaintiffs-appellants, Elizabeth DeStephen, suing on behalf of herself and her son, Anthony DeStephen, Jr., appeal from the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, Allstate Insurance Company. For the following reasons, we affirm.
On February 8, 1998, Anthony DeStephen was driving northbound on U.S. 23 when he lost control of his vehicle and struck another vehicle. The parties have stipulated that, in losing control, Mr. DeStephen acted negligently and caused the collision. Appellants Elizabeth DeStephen, Mr. DeStephen's wife, and Anthony DeStephen, Jr., Mr. DeStephen's son, were traveling with Mr. DeStephen, and they sustained injuries in the accident.
Appellants brought suit, alleging that Mr. DeStephen was an uninsured tortfeasor with regard to their injuries and, consequently, they were entitled to uninsured motorist coverage under Mr. and Mrs. DeStephen's Allstate auto insurance policy, Policy No. 092592571. Appellee originally issued this auto insurance policy to the DeStephens on November 15, 1977. Thereafter, the DeStephens renewed their policy at six-month increments, the last of which was November 15, 1997. The vehicle Mr. DeStephen was driving at the time of the accident was listed on the declarations page of the policy and, thus, was covered under the policy.
On May 10, 2000, appellee filed its first motion for summary judgment. Attached to appellee's motion for summary judgment was a stipulation executed by counsel for appellants and appellee. The parties stipulated that the policy in effect at the time of the accident was the policy attached to appellee's supplemental answer. This policy was dated November 15, 1997. The parties further stipulated that appellants were "making an underinsured motorist claim under said policy."
In the November 15, 1997 policy, the parties agreed that "Allstate will not pay for any damages an insured person is legally obligated to pay because of * * * bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household." Appellee argued that, pursuant to this provision, it was not liable for the injuries of Mr. DeStephen's wife and child. Additionally, appellee relied upon R.C. 3937.18(K), which provided that the definitions of an "uninsured motor vehicle" and "underinsured motor vehicle" did not include:
 (1) A MOTOR VEHICLE THAT HAS APPLICABLE LIABILITY COVERAGE IN THE POLICY UNDER WHICH THE UNINSURED AND UNDERINSURED MOTORISTS COVERAGES ARE PROVIDED;
 (2) A MOTOR VEHICLE OWNED BY, FURNISHED TO, OR AVAILABLE FOR THE REGULAR USE OF A NAMED INSURED, A SPOUSE, OR A RESIDENT RELATIVE OF A NAMED INSURED[.] [R.C. 3937.18(K) amended in Am.Sub.H.B. No. 261, effective September 3, 1997.]
Since the alleged uninsured motor vehicle at issue was owned by Mr. DeStephen and covered under the DeStephen's auto insurance policy, it could not be a "uninsured motor vehicle."
In response to appellee's motion for summary judgment, appellants asserted that both the November 15, 1997 policy and an earlier policy, issued May 15, 1996, were in effect at the time of the February 4, 1998 accident. Apparently, the May 15, 1996 policy was a six-month renewal of the policy issued November 15, 1995. Appellants argued that, because the May 15, 1996 policy did not exclude insured vehicles from the definition of uninsured motor vehicle, uninsured motorist coverage existed for appellants' claims.
Without deciding whether the November 15, 1997, or the May 15, 1996 policy applied to the February 4, 1998 accident, the trial court granted appellee's motion for summary judgment. Appellants appealed the trial court's decision. While the case was on appeal, appellants pointed out that the trial court had not specified which policy was in effect at the time of the accident. Consequently, upon a joint motion of the parties, this court vacated the decision granting appellee's motion for summary judgment, and remanded the matter to the trial court for a determination as to which policy was applicable.
Upon remand, appellee once again filed a motion for summary judgment, arguing that the November 15, 1997 policy applied to the February 4, 1998 accident. Appellee asserted that, because the policy began on November 15, 1997, R.C. 3937.18(K), which became effective on September 3, 1997, as part of Am.Sub.H.B. No. 261, was incorporated into the policy. Appellee repeated its argument that, pursuant to R.C. 3937.18(K), the DeStephen's motor vehicle, insured under their auto insurance policy, could not be an uninsured motor vehicle. Appellee also relied upon a provision in the November 15, 1997 policy, similar in effect to R.C.3937.18(K), that states that an uninsured auto is not "a motor vehicle which is insured under the Automobile Liability Insurance of this policy." Thus, based upon R.C. 3937.18(K) and the policy terms, appellee asserted that appellants were not entitled to uninsured motorist coverage. The trial court again granted appellee's motion. This appeal followed.
On appeal, appellant assigns the following error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ALLSTATE INSURANCE COMPANY, AS THE POLICY EXCLUSION RELIED UPON BY DEFENDANT-APPELLEE IS INVALID AND UNENFORCEABLE, AND DEFENDANT-APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
As this court previously recognized, to determine whether appellee was entitled to summary judgment, we must first determine which policy applies to the February 4, 1998 accident. The two policies contain different definitions of what is an "uninsured motorist." Each policy also has a different effective date. When determining the scope of coverage for an uninsured or underinsured motorist claim, "the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,289. See, also, Havens v. State Farm Ins. Cos. (2001), Franklin App. No. 01AP-127.
Appellee argues that, pursuant to R.C. 3937.18(K), appellants cannot assert an uninsured motorist claim. This statute went into effect on September 3, 1997, more than two months before the effective date of the November 15, 1997 policy. Therefore, appellee contends that this statute applies and bars appellants' claims. Appellants argue that the May 15, 1996 policy is the operative policy and that the law in effect at that time does not bar their claims.
Given that appellants previously stipulated that the November 15, 1997 policy was in effect at the time of the accident and that their claim was brought under that policy, we conclude that the November 15, 1997 policy is the applicable policy. "[A] stipulation is a voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate the need for proof or to narrow the range of litigable issues." Horner v. Whitta (1994), Seneca App. No. 13-93-33. Once entered into by the parties, filed with and accepted by the court, a stipulation is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in the case. Whitehall ex rel. Fennessy v. Bambi Motel, Inc. (1998), 131 Ohio App.3d 734, 742. See, also, Cunningham v. The J.A. Myers Co. (1964), 176 Ohio St. 410, 414
("'when the facts are thus agreed upon, the result is in the nature of a special verdict or a special finding of fact, and the only function of the court is to apply the law to the facts so placed before it'"). A party cannot withdraw from a stipulation without the consent of the other party, except by leave of court upon good cause. In the Matter of Body (1998), Coshocton App. No. 97 CA 33.
In this case, the parties entered into a stipulation in which they agreed regarding the operative issue now before the court. This stipulation was attached to and filed with appellee's first motion for summary judgment. No where in the record is there any indication that appellants attempted to withdraw or retract their stipulation. Therefore, we conclude that appellants are bound by their stipulation, and that the November 15, 1997 policy applies to the February 4, 1998 accident.
Even if appellants had not stipulated that the November 15, 1997 policy was the applicable policy, our conclusion would be the same. In Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, the Supreme Court held that, pursuant to R.C. 3937.31(A), each automobile insurance policy must include a guaranteed two-year term. In addition, the court held that "the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance." Id. In order to determine the effective date of the new contract, a court must determine the original issuance date of the automobile liability insurance policy and count successive two-year policy periods from that date. Id.
Here, the original issuance date of the DeStephen's automobile insurance policy was November 15, 1977. Counting successive two-year periods from that date, the last two-year guaranteed policy period before the February 4, 1998 accident began to run on November 15, 1997. Thus, we conclude that the November 15, 1997 policy was the operative policy at the time of the accident.
Appellants' reliance on the May 15, 1996 renewal of the DeStephen's policy is misplaced. In Vanhoose v. Cartmill (2001), 146 Ohio App.3d 161, plaintiff-appellant argued, like appellants here, that a renewal policy issued during a two-year guarantee period and prior to the effective date of R.C. 3937.18(K) was the applicable policy. There, plaintiff-appellant's original policy was purchased in November 1993. Thus, the court held that a new contract commenced in November 1997, at the end of the second two-year guarantee period. Plaintiff-appellant, however, argued that a renewal policy that was issued in May 1997 was the applicable policy. The court rejected plaintiff-appellant's argument. The court emphasized that Wolfe contemplated that each policy will run for successive two-year periods. Id. at 164. Additionally, the court reasoned that:
 * * * [The Wolfe decision] does not provide for such a two-year period to begin each time an insurance contract is renewed * * *. Where, as here, the policy is renewed semiannually, or where, as in Wolfe, the policy is renewed annually, such an interpretation would result in an overlapping of two-year guarantee policy periods that could indefinitely prevent the incorporation of a contract amendment based upon a newly enacted statute into a contract of insurance. [Id.]
We concur with the reasoning in Vanhoose. See, also, Izev v. Nationwide Mutual Ins. Co. (2001), Medina App. No. 3128-M (concluding that a renewal policy issued during the two-year guaranteed policy period did not invoke another, overlapping two-year period of guaranteed coverage).
Further, we note that, by adopting appellants' argument, we would have to conclude that the May 15, 1996 renewal was a "new" contract of insurance, requiring the attendant a two-year guaranteed policy period under R.C. 3937.31(A). However, in Wolfe, the Supreme Court rejected this reasoning when it rejected Benson v. Rosler (1985), 19 Ohio St.3d 41, which concluded that policy renewals for successive six-month terms represented new contracts of insurance separate from the initial policy. Wolfe, supra, at 251-252. See, also, Davis v. State Farm Fire Cas. Co. (2001), Franklin App. No. 00AP-1458 (remanding for determination of original effect date, because without that date the court was unable to determine whether the policy presented was an unenforceable renewal policy). In light of the above precedent, we conclude that, as a renewal policy issued during the two-year guarantee period, the May 15, 1996 policy did not affect the determination of when a new contract existed between the parties.
Appellants also interpret the language of the policy to extend the duration of the guarantee period. We disagree with appellants' interpretation. The November 15, 1997 policy states:
 A guarantee period required by Ohio law begins on the 90th day after the original effective date of the policy, and continues for two years from that date. When this guarantee period expires, a new guarantee period will commence for another two year period unless we mail notice that we don't intend to continue the policy. Each guarantee period begins after the expiration of the prior guarantee period. [Emphasis sic.]
Insurance policies must be read as a whole and, if the terms are unambiguous, the policy must be applied according to those terms. Harris v. Prudential Ins. Co. (1986), 27 Ohio App.3d 291, 292.
According to this provision, the guarantee period begins ninety days after the original effective date November 15, 1977 and continues for two years after the original effective date, or until November 15, 1979. Then, another two-year guarantee period begins immediately. This pattern continues until the policy is cancelled. According to the unambiguous language of this policy provision, we conclude that the duration of the guarantee period does not extend beyond two years. Although awkwardly drafted, the ninety-day reference in this policy language refers to the period of time during which the insurer may cancel the policy under R.C.3937.31(C). It does not extend the two-year time frame (calculated from the original effective date of the policy) during which policy terms may not be changed as outlined in R.C. 3937.31(A) and (B). Therefore, this policy provision supports appellee's contention that the November 15, 1997 policy is the operative policy.
As we have concluded that the applicable policy to the February 4, 1998 accident is the November 15, 1997 policy, we must next examine that policy to determine if appellants are entitled to uninsured motorist coverage. As we have stated above, the November 15, 1997 policy states that appellee will not pay for any damages an insured person is legally obligated to pay because of "bodily injury to any person related to an insured person by blood, marriage or adoption and residing in that person's household." It is undisputed that appellants are related to Mr. DeStephen and that appellants reside with Mr. DeStephen. Therefore, appellee is not obligated to pay for any bodily injuries sustained by appellants.
Further, the November 15, 1997 policy states that an uninsured auto is not "a motor vehicle which is insured under the Automobile Liability Insurance of this policy." This exemption is substantively similar to the exclusion contained in the amended version of R.C. 3937.18(K), which controls the parties' obligations under the November 15, 1997 policy. Accordingly, we hold that appellants cannot maintain their action against appellee, and that the trial court properly granted summary judgment for appellee.
Because we conclude that the November 15, 1997 policy applies to the accident, appellants' arguments regarding the language contained in the May 15, 1996 policy are moot. For the foregoing reasons, we overrule appellants' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.