OPINION
{¶ 1} This is appeal arises from an amended complaint filed by appellee for per se negligence, breach of contract as to indemnification, workmanship, an ultra strict liability as to hazardous activity and nuisance with a counterclaim by appellant for payment.
{¶ 2} The predicate for this cause was a contract between the parties wherein appellant agreed to demolish certain structures at 9400 Sherman Church Road for $6500.00.
{¶ 3} During the course of the demolition diesel fuel entered the Tuscarawas River, being discovered near Bolivar in Tuscarawas County.
{¶ 4} Among the Tuscarawas County Hazardous Materials Team, the Stark County Emergency Preparedness Agency and the Stark County Emergency Planning Committee a determination was made that the source of the contaminant was the residence which had been demolished by appellant pursuant to such contract with appellee.
{¶ 5} A jury awarded appellee $6499.00 on the claim of indemnification but also found in favor of appellant for work satisfactorily performed in the sum of $6500.00.
{¶ 6} Appellant raises two Assignments of Error:
ASSIGNMENTS OF ERROR
 I. {¶ 7} "THE TRIAL COURT ERRED IN DENYING ESLICH WRECKING COMPANY'S MOTION FOR DIRECTED VERDICT UPON THE CLAIM FOR CONTRACTUAL INDEMNIFICATION WHERE THERE WAS NO EVIDENCE PRESENTED THAT A DEMAND FOR INDEMNIFICATION WAS MADE OR THAT DEFENDANT ESLICH WRECKING COMPANY FAILED TO PERFORM IN RESPONSE TO ANY SUCH DEMAND."
 II. {¶ 8} "THE TRIAL COURT ERRED IN DENYING ESLICH'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT WHERE THE LAW AND EVIDENCE ESTABLISHED THAT STARK COUNTY WAS NOT ENTITLED TO INDEMNIFICATION UNDER THE CONTRACT."
 I
{¶ 9} The first Assignment of Error addresses the denial of a Motion for Directed Verdict due to the absence in evidence of proof of a demand for indemnification.
{¶ 10} The standard of review for the grant or denial of a motion for directed verdict is: whether there is probative evidence which, if believed, would permit reasonable minds to come to different conclusions as to the essential elements of the case, construing the evidence most strongly in favor of the non-movant. Sanek v. Duracote Corp. (1989),43 Ohio St.3d 169, 172.
{¶ 11} We must, under this standard, examine the contract between the parties which was stipulated as an exhibit and attached to the Amended Complaint.
{¶ 12} The clause as to indemnification states:
 The Contractor agrees to indemnify and save the County, its officials, officers, agents, and employees harmless from any and all losses, claims, costs, expenses, judgments, subrogations, or other damages resulting from injury to any person (including injury resulting in death), or damage (including loss or destruction) to property of whatsoever nature of any person arising out of incident to the performance of the terms of this Contract by the Contractor, including but not limited to, the Contractor's employees, agents, subcontractors, and others designated by the Contractor to perform work or services in, about, or attendant to, the work and services under the terms of this Contract.
{¶ 13} Such indemnification provision did not require a demand prior to institution of suit.
{¶ 14} Under an indemnity contract which does not contain the requirement of notice to the indemnitor, notice is not necessary to fix the indemnitor's liability. 41 Am.Jur.2d (1968), Indemnity Section 40.The Personal Service Ins. Co. v. C.R.Mason (1986), 1986 WL3404 (Ohio App.4th Dist.).
{¶ 15} An indemnitor against liability is not entitled to notice of the liability before he is sued on the contract, except when the fact on which his liability is dependent rests peculiarly within the knowledge of the indemnitee or depends on his option.Magrunder v. McCandlis (1860), 3 Ohio Dec.Rep. 269.
{¶ 16} Therefore, the first Assignment of Error is not well taken.
 II
{¶ 17} The second Assignment of Error raises a claim of error in the trial court's denial of appellant's Motion for Judgment Notwithstanding the Verdict.
{¶ 18} Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon motion for directed verdict or motion for judgment notwithstanding the verdict. Civ.R. 50(A, B). Posin et al. v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271.
{¶ 19} On motion for judgment notwithstanding verdict, the issue is the same as that raised on a motion for directed verdict made at close of all evidence and involves an admission or assumption of truth of evidence supporting facts essential to the claim of the party against whom such motion is directed as well as admission of all facts which the evidence proves. Culp v. Federated Department Stores, Inc. (1965),11 Ohio App.2d 165.
{¶ 20} In the case sub judice, the trial court determined that the language in the contract, to wit ". . . arising out of or incident to . . ." encompasses damages which followed from the contract notwithstanding the fact that, as between appellant and appellee the work was performed in a workmanlike manner, as the jury determined.
{¶ 21} The phrase `arising out of' has been defined by courts as `originating from,' `growing out of,' and `flowing from.' State Auto.Mut. Ins. Co. v. Rainsburg [Rainsberg] (1993), 86 Ohio App.3d 417, 421.
{¶ 22} Evidence was presented to the jury as to the source of the contaminant. (T. at 250-253, 477-482).
{¶ 23} It therefore was clearly arising out of or incident to the contract of demolition. The contractual language agreed to by appellant was not predicated on an act of negligence.
{¶ 24} Therefore we disagree with the second Assignment of Error.
{¶ 25} This cause is affirmed.
By: BOGGINS, J. FARMER, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Common Pleas Court of Stark County is affirmed. Costs to appellant.