OPINION
{¶ 1} Plaintiff-appellant Albert Thrash appeals from a summary judgment rendered against him on his declaratory judgment action seeking a declaration that he is covered under a comprehensive general liability policy issued by defendant-appellee Motorists Mutual Insurance Company. Thrash contends that the trial court erred by finding that coverage for injuries to a passenger in a car that collided with a trailer that Thrash had left alongside a road is excluded by a provision in the policy excluding coverage for "`bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any . . . `auto' . . . owned or operated by or rented or loaned to any insured." We agree with Motorists Mutual that this exclusion clearly and unambiguously applies. Accordingly, the summary judgment rendered against Thrash on this claim is Affirmed.
 {¶ 2} The trial court also rendered a partial summary judgment with respect to coverage under a business auto policy issued by Motorists Mutual to Thrash. In its partial summary judgment, the trial court concluded that coverage under the business auto policy was excluded by a provision in that policy, but that a genuine issue of material fact remains whether Motorists Mutual is nevertheless estopped from denying coverage under that policy. Both sides have appealed from that decision, Thrash contending that the trial court erred in construing the policy, and Motorists Mutual contending that the trial court erred by determining that a genuine issue of material fact remains for adjudication. We conclude that the appeal and cross-appeal must be dismissed with respect to the issue of coverage under the business auto policy, since the trial court has not yet adjudicated that issue.
 I {¶ 3} In March, 1998, a car being driven by Ian Tharpe collided with a trailer owned by Thrash, which was parked along Spring Ash Drive, a side street in a new residential subdivision. Thrash had purchased the trailer to haul bulldozers used in his construction business. The trailer was not the right size to haul Thrash's bulldozers, and when Thrash determined that it was not the right size, the trailer was left parked next to a construction job site. Thrash intended to work on the trailer at some time in the future to improve it so that it would be able to haul his bulldozers.
 {¶ 4} Sherri Knese, a passenger in Tharpe's car, brought an action against Thrash and others for personal injury arising out of the collision. Thrash brought this declaratory judgment action against Motorists Mutual, seeking a determination that any liability he had to Knese was covered by a comprehensive general liability policy and by a business auto policy issued to him by Motorists Mutual. Both Thrash and Motorists Mutual moved for summary judgment. With respect to the comprehensive general liability policy, the trial court denied Thrash's motion, granted Motorists Mutual's motion, and rendered summary judgment in favor of Motorists Mutual.
 {¶ 5} With respect to the business auto policy, the trial court rendered a partial summary judgment in favor of Motorists Mutual, determining that Thrash's liability fell within an exclusion contained in the policy. Nevertheless, the trial court determined that a genuine issue of material fact existed whether Motorists Mutual was estopped from denying coverage, as a result of certain acts or representations by the insurance agent.
 {¶ 6} Thrash appeals from the summary judgment rendered against him on his claim for coverage under the comprehensive general liability policy, and from the partial summary judgment rendered against him on his claim for coverage under the business auto policy. Motorists Mutual cross-appeals from the denial of its motion for summary judgment under the business auto policy.
 II {¶ 7} Thrash's assignments of error are as follows:
 {¶ 8} "The trial court erred in granting the defendant insurer's motion for summary judgment as to its duty to defend the plaintiff insured under the commercial general liability policy."
 {¶ 9} "The trial court erred in denying the plaintiff's motion for summary judgment as to the defendant insurer's duty to defend the plaintiff under that same policy."
 {¶ 10} At issue is the following exclusion in the policy:
 {¶ 11} "`g. Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any . . . `auto' . . . owned or operated by or rented or loaned to any insured."
 {¶ 12} The parties agree that the trailer involved in the collision comes within the definition of "auto" in the comprehensive general liability policy. In his complaint, Thrash acknowledges that he was the owner of that trailer at the time of the collision. The parties dispute whether the collision, and the injury to Knese resulting from that collision, arose out of Thrash's ownership, maintenance or use of the trailer.
 {¶ 13} The phrase "arising out of the ownership, maintenance, or use of [the trailer]" is comprehensive. As long as Thrash was exercising dominion and control over the trailer, which he clearly was, we conclude that the exclusion would apply to any liability that might arise from a collision with the trailer at a location where Thrash left it parked. By leaving the trailer parked at that location, Thrash was exercising his dominion and control over the trailer, as its owner.
 {¶ 14} In his brief, Thrash argues whether the injury to Knese arose out of Thrash's "use" of the trailer. Thrash attempts to distinguish the circumstances of this case, in which the trailer was merely parked, and was not being used in any other sense, from the situation in Grange Mutual v. Darst (1998), 129 Ohio App.3d 723, wherein we found that a motor vehicle was being used when it was temporarily parked by its driver and owner, who left her children in the car while she was otherwise occupied. If the only operative word in the exclusion were the word "use," that might be a persuasive distinction. However, the phrase "ownership, use, or maintenance" is more inclusive. In our view, as long as the liability arises from the owner's exercise of dominion and control over the vehicle, that liability arises from the owner's "ownership, use or maintenance" of the vehicle.
 {¶ 15} Although we agree with Thrash that he is entitled to have any ambiguity in the policy construed in his favor, we do not find the language in the exclusion to be ambiguous as applied to the circumstances of this case. We conclude that Thrash's liability to Knese clearly and unambiguously arises out of his ownership, use or maintenance of the trailer.
 {¶ 16} Both of Thrash's Assignments of Error are overruled.
 {¶ 17} Although Thrash included the partial summary judgment with respect to the issue of coverage under the business auto policy within the scope of his notice of appeal, he has set forth no assignments of error with respect to that issue.
 III {¶ 18} Motorists Mutual's sole assignment of error in support of its cross-appeal is as follows:
 {¶ 19} "The trial court erroneously held that a genuine issue of material fact remains whether Thrash's insurance agent induced him to delay notifying motorists of his purchase of and intent to insure the trailer, contrary to the plain language of the business auto policy."
 {¶ 20} Although Thrash has presented no assignments of error material to the trial court's partial summary judgment relating to coverage under the business auto policy, his brief includes an argument that the trial court erred in its construction of the exclusion in that policy. Motorists Mutual argues, in support of its cross-appeal, that the trial court erred by failing to render summary judgment in its favor on the issue of coverage under the business auto policy.
 {¶ 21} Both parties recognize that the trial court has not yet adjudicated whether there is coverage under the business auto policy, having found that there is a genuine issue of material fact whether certain acts and representations of the insurance agent have the effect of estopping Motorists Mutual from denying coverage.
 {¶ 22} We conclude that there is no final appealable order relating to the issue of coverage under the business auto policy.
 {¶ 23} The trial court has entered an order certifying, pursuant to Civ.R. 54(B), that there is no just reason for delay "with respect to the July 18, 2002 `Decision, Order and Entry Overruling Plaintiff's Motion For Summary Judgment In Overruling Part and Sustaining In Part Defendant's Motion For Summary Judgment In Case No. 01-CV-5514.'" Civ.R. 54(B) permits one or more claims, but fewer than all claims, that have been adjudicated to be appealed, even though one or more claims have not yet been adjudicated. Consequently, the trial court's expressed determination that there is no just reason for delay permitted it to enter final judgment with respect to Thrash's claim for coverage under the comprehensive general liability policy. That judgment, being final, is properly the subject of this appeal, and we have disposed of that appeal, by overruling Thrash's assignments of error and affirming that judgment.
 {¶ 24} There has been no adjudication of Thrash's claim for coverage under the business auto policy, the trial court having determined that a genuine issue of material fact exists, precluding a summary judgment on that claim. Civ.R. 56(D) contemplates that when a claim cannot be fully adjudicated upon a motion for summary judgment, the trial court may, nevertheless, narrow the issues for trial by determining that certain issues are not controverted. This is what the trial court has done with respect to the issue of coverage under the business auto policy. The trial court has not yet adjudicated Thrash's claim for coverage under that policy. There is, then, no judgment of that claim that the trial court could make final as a result of its determination, pursuant to Civ.R. 54(B), that there is no just reason for delay.
 {¶ 25} Furthermore, an appeal does not lie from the denial of a motion for summary judgment. Continental Ins. Co. v. Whittington
(1994), 71 Ohio St.3d 150, 642 N.E.2d 615.
 {¶ 26} Thrash's appeal and Motorists Mutual's cross-appeal from the partial summary judgment with respect to coverage under the business auto policy are dismissed, for want of a final appealable order, thereby rendering Motorists Mutual's sole assignment of error moot.
 IV {¶ 27} Both of Thrash's assignments of error having been overruled, the judgment of the trial court finding that Motorists' Mutual has no duty to defend, and that there is no coverage, under its comprehensive general liability policy is Affirmed. Thrash's appeal and Motorists Mutual's cross-appeal from the partial summary judgment rendered with respect to the issue of coverage under the business auto policy are Dismissed, for want of a final appealable order.
BROGAN and WOLFF, JJ., concur.